## Strawbridge & Clothier v. Township of Middletown

*Ralph B. D'Iorio,* and *Howard Kellogg,* for appellants.

*Harry F. Dunn, Jr.,* for appellees.

REED, Jr., J., July 28, 1972.—We gather these facts from the briefs, transcript, and papers presented by counsel. Appellants severally hold title to three separate but contiguous tracts of ground totaling 43 acres with 1,500 feet of frontage along the northerly side of Baltimore Pike (U.S. Route 1) in the area westwardly from its intersection with Pennell Road (Pa. Route

452). They have combined to develop these tracts jointly, to erect thereon a department and food store, an auto showroom, an office building, and a recreation vehicle sales and service center, with each retaining separate ownership of their respective tracts.

Appellants applied to appellee, Middletown Township Board of Supervisors, for an amendment to that township's zoning ordinance to permit the proposed use or uses, or, in the alternative, a hearing under appellees' zoning ordinance as amended by Ordinance Number 112 at section 852 which provides:

"A building may be erected or used, and a lot may be used or occupied, for any of the following purposes, and no other, provided such structure or use is . . .

"1) Scientific research laboratory.

"2) Light manufacturing.

"3) An office building.

"4) Accessory use . . . incidental to any of the above permitted uses . . .

"5) *Such other uses as shall be determined by the Board of Supervisors after hearing,* upon . . . public notice of the time and place of the hearing and of the proposed use." (Italics supplied.)

The parties apparently agreed to pursue the alternative course, abandoning the application as a request for a zoning amendment. The township, therefore, advertised for a hearing under Ordinance Number 112 at section 852, subsection (5), which was held on February 14, 1972. The Board of Supervisors stated they wanted to study the proposal and would render decision on April 10, 1972, when they rejected the proposal. Appellant thereupon filed this appeal directly to this court from that decision.

The Board of Supervisors, not being a judicial hearing body, no certiorari issued for whatever record it

may have had. (The parties presented the records and files of the township secretary on this application with their briefs.)

Appellant ordered the case for argument. Appellee interposed a motion to quash the appeal on the ground that Pennsylvania Municipalities Planning Code of July 31, 1968, 53 PS §10101, et seq., makes no provision for direct appeal from the action of defendant, governing body, in denying appellants' application. We agree.

Appellants' appeal to this court arises on petition, requiring an answer and hearing. Appellees' motion to quash has interdicted completion of that course. Since appellees' motion is well taken, we do not come to a decision on the substantive merits of appellants' petition, although they were argued to shorten the case in the event we would deny appellees' motion.

Reference, however, to the arguments on the substantive merits of appellants' petition is made to edify our decision to grant appellees' motion.

Appellant urges that on the record and without appeal or hearing before the Township Zoning Hearing Board we should decide that:

1. The Board of Supervisors acted arbitrarily and capriciously in refusing appellants' application;

2. Subsection 5 of section 852 of Ordinance No. 112 is invalid; and

3. The minimum land size requirements applicable are unconstitutional.

Appellant therefore claims right of appeal directly to the court under the authority of section 910 of the code, 53 PS §10910:

"The board [Zoning Hearing Board] shall have no power to pass upon the validity of any provisions of an ordinance . . . Recognizing that challenges to the validity of an ordinance . . . may pre-

sent issues of fact and of interpretation which may lie within the special competence of the board, and to facilitate speedy disposition of such . . . by a court, the board may hear all challenges wherein the validity of the ordinance . . . presents any issue of fact or of interpretation, not hitherto properly determined at a hearing before another competent agency or body, and shall take evidence and make a record thereon . . . the board shall decide all contested questions of interpretation and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court."

This procedure though new with the code, has been judicially defined; yet we recognize, it may still be misunderstood, or misapplied as it was by appellants.

Section 910, supra, by divesting the Zoning Hearing Board's power to decide the validity of an ordinance, does not eliminate the board from a role in these instances, rather it accepts its expertise to utilize it, as a hearing-master, to conduct a hearing, gather evidence and testimony and thereafter conclude facts and interpret them and the ordinance *but not to decide the ultimate legal question of the validity* of the ordinance, which is for the court on appeal from the board: Unger et al. v. Hampton Township, 437 Pa. 399, 263 A.2d 385 (1970).

There may arise isolated cases where a part or even all of a zoning ordinance on its face is invalid, and where no testimony or facts need be supplied to frame the legal issue. In such cases section 910 could apply to bring that case directly to the court.[1]

We have held where the attack is on the substantive

---

[1] By comparison section 801, et seq., of the code, 53 PS §10801, follows with considerable similarity the same approach, as respects filing an application to test validity.

validity of a zoning ordinance, any issues of fact or interpretation must first be presented to the Zoning Hearing Board: Ardmore Manor Civil Association v. Haverford Township, 51 D. & C. 2d 417 (1970).

Appellant contends subsection 5 of section 852 of Ordinance No. 112 is invalid for the reason that it is vague and leaves "such other uses" to the exercise of the unbridled, and undefined, discretion of the supervisors, akin to a short-cut method to circumvent following the code procedure for amending the zoning ordinance. This may appear on its face to present a clear legal issue, but *if we so assume,* the appellants still will not advance their application, for subsection 1 through 4 of section 852 limiting uses to scientific research laboratories, light manufacturing, office buildings, and accessory uses will still stand to bar their proposal. Appellants' application rests otherwise upon contentions which are not capable of reduction to clear legal issues without the taking of testimony, findings of fact and interpretation.

Appellants next argue that the 130 pages of "testimony" produced before the Board of Supervisors should suffice to bypass the hearing board. We have examined that record. We do not consider it to be the testimony required of a legal hearing. In the first place it was not under oath. It is at best a record of the promotional statements of advocates for and against the proposal. It is no more and no less than the transcript of a typical meeting of a governing body exploring a proposed zoning change with the attending public.

Of controlling significance is the fact that bypassing the zoning hearing board we and those involved are deprived of their expertise and local knowledge. Moreover, all concerned are deprived of their right to a judicial-type hearing, with sworn testimony and

wherein the facts can be developed and issues framed in a legal-type proceeding.

Appellants finally contend they are entitled to their request because the board did not decide in 45 days, instead took almost 60 days. We know of no authority for that proposition. There is no time limit imposed upon a municipality to adopt zoning changes. A zoning hearing board must decide in 45 days, and the board in 30 days as to subdivision plans, 53 PS §10908, and 30 days as to Planned Residential Developments, 53 PS §10709. A prospective applicant desiring to question the zoning action or inaction of a municipal governing body has the respective remedies outlined in the code, as will suit his needs, 53 PS §10801, et seq., and §10901, et seq.

## ORDER

And now, this July 28, 1972, the motion of appellee, Middletown Township, to quash appellant's, Strawbridge and Clothier, et al., zoning appeal to this court is granted, and the said appeal be and the same is dismissed and quashed.