## Lawson Appeal

*Hampson & Hampson,* for petitioner.

*William R. Mervine,* for respondent.

WOLFE, P. J., August 4, 1971.—This is a motion by the Warren County Commissioners (hereinafter called respondent) to dismiss an appeal before the Board of Zoning Appeals for Warren County brought by Reva Lawson (hereinafter called petitioner).

Petitioner filed a notice of appeal from respondent's enactment of Ordinance Number 36 in which the premises of petitioner, by her request, were re-zoned from residential "R-1" to a business "B" district.

Petitioner alleges that the change from residential "R-1" to a business "B" district affords her no relief in her efforts to make the operations of her company more efficient and the hardship under which the operations have been maintained continues. Thereafter, petitioner lists five reasons for her dissatisfaction, all of which are factual in nature.

This matter was heard by the court on argument only, and since no testimony was taken, the court necessarily is confined to the pleadings. The petition does not spell out the history of the case but a reading of it in conjunction with respondent's motion to dismiss concludes, at least by fair inference, that petitioner had applied to respondent for a rezoning of her residence from "R-1" to industrial "I" and that petitioner is now dissatisfied in that the change made was from "R-1" to a business "B" district.

Respondent alleges there is no such entity as the Board of Zoning Appeals for Warren County, Pa., that Ordinance Number 36 which amends the Zoning Ordinance of Warren County is a legislative act and the Zoning Hearing Board of the county has no power to review this act and, finally, the notice of appeal by petitioner does not set forth any legal grounds which would give the court the right to review the ordinance.

The issues herein presented must be resolved by the Pennsylvania Municipalities Planning Act of July 31, 1968 (No. 247), 53 PS § 10101, et seq. Procedurally this act provides for an appointment of a zoning officer to administer the zoning ordinance, creates a zoning hearing board by section 901, which board, under section 909, hears and decides appeals from the decision of the zoning officer. In addition, section 910 provides:

"Except as provided in section 912, relating to variances, the board shall have no power to pass upon the validity of any provision of an ordinance or a map adopted by the governing body . . ."

This same section provides, however, that:

". . . challenges to the validity of an ordinance or map may present issues of *fact and of interpretation* which may lie within the special competence of the board, and to facilitate speedy disposition of such challenges by a court, the board may hear all challenges wherein the validity of the ordinance or map presents any *issues of fact or of interpretation,* not hitherto properly determined at a hearing before another competent agency or body, and shall take evidence and make a record thereon as provided in section 908. At the conclusion of the hearing, the board shall decide all contested questions of interpretation and shall make findings on all relevant *issues of fact* which shall become part of the record on appeal to the court." (Italics supplied.)

From a reading of the foregoing sections, it becomes apparent that the legislature had in mind the creation of a board of adjustment to hear and determine issues of fact but such board would have no power to pass upon the validity of an ordinance or map promulgated by the governing body as a matter of law; that is, although the board may hear and decide issues of fact, it cannot make conclusions of law when the validity of an ordinance is in issue. The validity of the ordinance is left to the court on appeal which is then resolved on the record presented at that time and as prepared before the board in accordance with section 908, providing for hearings.

The function of the board in this respect was recognized in Unger et al. v. Hampton Township, 437 Pa. 399, 405 (1970), wherein the court, in considering section 909 in conjunction with section 910, states, at pages 405 and 406: "Section 910, read in its entirety, evidences a legislative intent to preclude the Board from making a determination of the legal validity of the ordinance; it appears that the legislature believed the resolution of a legal challenge of this sort would be better made initially by a court. But the section does not eliminate all functions of the Board in such appeals; rather, it transforms the function into one of fact-finding, preparatory to a court determination as to validity. The conclusion that appeals under The Planning Code from decisions of the zoning officer which involve challenges to the validity of the zoning ordinance are to be taken to the court through the Zoning Hearing Board is strengthened by section 1001 of the Code, 53 PS § 11001 which defines 'zoning appeals' to include 'appeals from the decisions of the board of zoning appeals and appeals upon reports of the board in *proceedings to challenge the validity of any ordinance or map*' (Emphasis supplied). Section 1002 of

The Planning Code provides that the Court of Common Pleas have jurisdiction over such appeals."

Section 914 of the act lists the parties in interest that may file an appeal with the board which includes any person aggrieved.

We conclude, therefore, petitioner is a proper party to file an appeal from the legislative act of respondent in changing her property from residential "R-1" to business "B", but that the board of adjustment is limited to resolving and interpreting issues of fact only. In the event either party is aggrieved by the findings of this board, such appeal may be perfected to the court under section 1003. The act makes the board of adjustment a fact-finding body only but, undoubtedly, the legislature had this in mind, as it so stated under section 910 this would expedite the matter before the court because there may be special issues of fact and interpretations "which may lie within the special competence of the board," leaving the issues of law as to the validity of the ordinance. or map to the court.

A review of the reasons advanced in petitioner's appeal reveals they are all matters of "fact-finding" in nature and not matters of law.

Although the appeal is from an ordinance promulgated by the legislative body and not from the zoning officer, nonetheless the reasons advanced by petitioner are such that lie within the special competence of the board and, in the court's opinion, a hearing before that board would facilitate the speedy disposition of the challenges by the court. If, upon appeal from the decision by the board by either party, the court determines there are insufficient facts to make conclusions of law, the record can be remanded to the board for further proceedings: Rees v. Zoning Hearing Board of Indiana Township, 2 Com. Ct. 551 (1971). Turning to the

objection that no such entity exists as the "Board of Zoning Appeals," we feel this is a matter of form only and can be amended to indicate the appeal is filed before the "Zoning Hearing Board" in accordance with section 901 and section 902 of the act.

Finally, petitioner had issued a writ of certiorari directed to respondent which, in accordance with this opinion, would be inconsistent with the findings herein and, therefore, the court dismisses the writ and directs petitioner to amend her caption and file it before the Zoning Hearing Board, which board under section 908 will conduct a hearing in accordance with the requirements thereof de novo and this opinion.

For the foregoing reasons the court makes the following order:

ORDER

And now, August 4, 1971:

1. The caption of the petition shall be amended by petitioner to indicate it is filed with the Zoning Hearing Board.

2. The writ of certiorari is dismissed.

3. Respondent's motion to dismiss the petition is refused.

4. Exceptions noted to respondent.