Irving S. Karpe, t/a Yellow Cab Company, Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Defendant.

Argued February 2, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*David Katz,* with him *Katz, Katz and Muth,* for plaintiff.

*R. Knickerbocker Smith, Jr.,* Assistant Counsel, with him *Edward J. Morris,* Counsel, for defendant.

OPINION BY JUDGE WILKINSON, March 9, 1977:

This action in mandamus arises out of our original jurisdiction, as provided for in the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.101 et seq. Plaintiff holds a Certificate of Public Convenience, which au-

thorizes him to transport, as a common carrier by motor vehicle, persons upon call or demand in portions of Pike and Monroe Counties. On May 29, 1974, plaintiff applied to the Pennsylvania Public Utilities Commission (PUC) for certification to the Pennsylvania Department of Transportation (DOT)[1] for the licensing of vehicles in the eight to twelve passenger class under plaintiff's present certificate. Such certification is a necessary condition precedent to the issuance of licenses by DOT. The PUC refused to so certify in a letter dated July 9, 1975. On January 22, 1976, plaintiff filed this action in mandamus asking that the PUC be instructed to certify to DOT that plaintiff holds a Certificate of Public Convenience authorizing service in the eight to twelve passenger vehicle class in order that licenses may be issued. There being no issues of fact, this case is now before us on cross motions for judgment on the pleadings.

The sole issue before us is whether the extraordinary writ of mandamus is the appropriate remedy in this instance. We hold that it is not.

In considering the actions in mandamus, we are constrained by the well settled rule that:

> Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty when there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. (Citations omitted.) (Emphasis in original.)

*Unger et al. v. Hampton Township,* 437 Pa. 399, 401, 263 A.2d 385, 387 (1970).

In support of his *clear* legal right to receive certification from the PUC, plaintiff argues that because

---

[1] This certification is required by Section 408 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §408.

his Certificate of Public Convenience allows him "to transport, as a common carrier by motor vehicle, persons upon call or demand," he is not limited in the type of motor vehicle he may use for transport. While we admit the breadth of the language of plaintiff's Certificate of Public Convenience would indicate the use of almost any type of motor vehicle, Section 29.121 of the Bus and Taxi Transportation Regulations, 52 Pa. Code §29.121 states:

> In addition to the requirements in Subchapter B of this Chapter (relating to common carriers), holders of certificates authorizing call or demand service and their employes are subject to §§29.122-29.136 of this Title (relating to supplemental taxicab regulations).

These supplemental taxicab regulations §§29.122-29.136 clearly limit the type of motor vehicle to be used in call or demand service to taxicabs (four-door passenger automobiles).[2] We agree with plaintiff that using call or demand and taxi service interchangeably is confusing but under the present regulations the only call or demand service provided for is by taxicab. Thus, there is no *clear* right of the plaintiff's to certification for his vans under his present Certificate of Public Convenience,[3] as required when a party seeks the extraordinary writ of mandamus.

Further, when seeking a writ of mandamus, there must be a lack of "any other appropriate and ade-

---

[2] 52 Pa. Code §29.123. The Vehicle Code further limits the number of passengers in taxicabs to 5 adults. 75 P.S. §102. The new Vehicle Code, Act of June 17, 1976, No. 81, 75 Pa. C.S. §102, extends this limit to eight adult passengers, effective July 1, 1977.

[3] This conclusion is further buttressed by the PUC's recent "Statement of Policy Re Operation of Van-Type Vehicles in Ride-Sharing Service", which now provides for the type service plaintiff desires. 6 Pa. B. 162.

quate remedy.'' Defendant argues that plaintiff did not exhaust his administrative remedies citing Section 1001 of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §1391, which provides in part:

> Any public utility, or other person or corporation, subject to this act, likewise *may* complain of any regulation or order of the commission, which the complainant is or has been required by the commission to observe or carry into effect. (Emphasis added.)

Plaintiff, on the other hand, argues that since only issues of law are concerned and the administrative remedy is merely permissive (as denoted by the use of *may* rather than *shall*) he need not exhaust such a remedy. As support for this, the plaintiff cites *Comprehensive Group Health Services Board of Directors v. Temple University*, 363 F. Supp. 1069 (E.D. Pa. 1973). While the reasoning of the federal district court is persuasive, in its context, the administrative remedy involved herein is quite different. We are bound by the statements of the Supreme Court of Pennsylvania in *Unger v. Hampton Township, supra.* There, in a mandamus action which sought the issuance of a building permit, the court considered an administrative remedy very similar to Section 1001 (in its use of *may* rather than *shall*) and found mandamus to be improper since the party seeking mandamus had not exhausted that remedy. Of interest is the concurring opinion of Mr. Justice Roberts, in *Unger v. Hampton Township, supra* at 406, 263 A.2d at 390, in which he concurs only in the result, but would disagree with the court in its holding that exhaustion of the administrative remedy was necessary, where no issues of fact were involved. The court clearly rejected such an argument and so must we.

Accordingly, we will enter the following

### ORDER

Now, March 9, 1977, defendant's motion for judgment on the pleadings in No. 145 C.D. 1976 is hereby granted and plaintiff's cross-motion for judgment on the pleadings is denied.

Judge MENCER dissents.