453 A.2d 972

**LINDY HOMES, INC., Appellant,**

v.

**Dominic SABATINI, Commissioner, Department of Licenses & Inspections, City of Philadelphia, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 8, 1982.

Decided Dec. 30, 1982.

Herbert S. Levin, Philadelphia, for appellant.

Barbara Gilbert, Deputy City Sol., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Commonwealth Court [1] which reversed an order of the Court of Common Pleas of Philadelphia County directing the issuance of a writ of mandamus to compel reinstatement of revoked zoning and building permits held by Lindy Homes, Inc., the appellant herein.

In 1972, the appellant, as owner of a tract of land in a zoning district where multi-family dwellings were permissible, was granted zoning and building permits for construction of a thirty unit apartment building. The permits, issued by the Department of Licenses & Inspections of the City of Philadelphia (hereinafter Department), were revoked in March, 1972, when a determination was made that the thirty unit structure would not be in compliance with applicable ordinances. Consequently, appellant altered the design of the building to provide for twenty-three units, rather than the original thirty, thereby achieving full compliance with all applicable land use regulations. In response to this design change, the Department issued new zoning and build-

---

1. *Lindy Homes, Inc. v. Sabatini*, 42 Pa.Commw.Ct. 600, 401 A.2d 589 (1979).

ing permits on September 27, 1973. On November 1, 1973, however, an ordinance was introduced in the Philadelphia City Council seeking to rezone the subject building site to prohibit multi-family structures. This ordinance was adopted on December 14, 1973, and, on January 3, 1974 and January 4, 1974, respectively, the Department, citing the change in zoning classification, revoked appellant's zoning and building permits.

No administrative appeal was taken following the permit revocations, but rather, on April 22, 1974, a complaint in mandamus was filed seeking to compel reinstatement of the building permit,[2] and claiming damages. The trial court ordered reinstatement of the zoning and building permits, and awarded damages in the amount of $3,500.00 against the Department's Commissioner, Dominic Sabatini, the appellee herein (hereinafter Commissioner). The Court of Common Pleas, sitting en banc, affirmed reinstatement of the permits, but increased the damage award to $35,245.00. Commonwealth Court reversed, holding that appellant's remedy was to have appealed the permit revocations to the Zoning Board of Adjustment, and that, due to the availability of that remedy, mandamus was improper.

The sole issue on the instant appeal is whether mandamus is an appropriate vehicle by which appellant may seek reinstatement of the permits in question.[3] In *Lhormer v. Bowen*, 410 Pa. 508, 514, 188 A.2d 747, 749–750 (1963), this Court clearly prescribed mandamus as an appropriate means by which to secure issuance of such permits: "[W]here the right to the [building] permit is clear, the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer, and mandamus is both appropriate and proper to

2. Although the complaint in mandamus, on its face, sought reissuance of the building permit alone, the courts below considered the complaint as seeking reissuance of the building *and* zoning permits, since revocation of the latter induced revocation of the former.

3. The issue of appellant's entitlement to damages is not under review in the instant appeal.

compel performance." See also *Vagnoni v. Bridgeport Borough Council*, 420 Pa. 411, 218 A.2d 235 (1966); *Commercial Properties, Inc. v. Peternel*, 418 Pa. 304, 211 A.2d 514 (1965); *Verrati v. Ridley Township*, 416 Pa. 242, 206 A.2d 13 (1965). If a permit could not rightfully be refused in the first instance, its arbitrary revocation after issuance warrants resort to mandamus to effect reinstatement. *Gallagher v. Building Inspector of Erie*, 432 Pa. 301, 247 A.2d 572 (1968).

■ The Commissioner contends, and the Commonwealth Court held, in effect, that our decision in *Unger v. Township of Hampton*, 437 Pa. 399, 263 A.2d 385 (1970) announced a new standard by which the availability of mandamus is to be determined. Specifically, it is asserted that mandamus has been eliminated as a remedy in every case where the party denied issuance of a land use permit has declined to utilize an available administrative appeal to the Zoning Board of Adjustment. We disagree. In *Unger*, 437 Pa. at 405, 263 A.2d at 389, the continuing viability of mandamus, in accordance with long-standing precedents of this Court, including *Lhormer*, supra., was expressly recognized. The decision in *Unger*, to the extent that it restricts the availability of mandamus, is limited in application to cases where a proposed land use does not comply with an existing ordinance, and, hence, where invalidity of the ordinance itself must be established before a landowner's right to a permit becomes clear. Since validity of a zoning ordinance is not at issue in the present case, the rule set forth in *Unger*, requiring that the issue of an ordinance's validity be raised in an administrative appeal, is inapplicable. Extension of the *Unger* rule, so as to discard mandamus in favor of protracted administrative appeals, where entitlement to issuance of land use permits is *clear*, would unduly burden landowners with an inadequate, and inefficient, remedy, while facilitating municipal abuse of the licensing power. See *Baldwin Borough v. Matthews*, 394 Pa. 53, 145 A.2d 698 (1958). Thus, the prerequisite to mandamus, that there be a want of any other appropriate and adequate remedy, *Boslover A.A.B. Ass'n. v.*

*Philadelphia Authority,* 425 Pa. 535, 229 A.2d 906 (1967), is satisfied.

In the instant case, the Commissioner does not even allege there to have been such non-compliance with ordinances in effect at the time of issuance of appellant's permits as would support their revocations; rather, the revocations were occasioned solely in response to the purported change in zoning classification of appellant's property adopted subsequent to issuance of the permits. It is well established that a zoning ordinance cannot be retroactively applied to effect revocation of permits obtained by a landowner prior to *pendency* of that ordinance. *Id.; Lhormer v. Bowen,* supra.; *Lened Homes, Inc. v. Philadelphia Department of Licenses,* 386 Pa. 50, 123 A.2d 406 (1956). Nearly five weeks elapsed from the date of issuance of appellant's permits, September 27, 1973, until the rezoning ordinance was first introduced, on November 1, 1973, in the Philadelphia City Council; hence, it is clear that the permits were issued before the rezoning ordinance became pending,[4] and that the ordinance was improperly applied to appellant's property.

The Commissioner alleges that, under the Philadelphia Building Code, building permits expire when construction activity is suspended for a period of six months or not commenced within six months of the issuance of a building permit, and that, due to a lack of construction activity at appellant's site prior to the January 4, 1974 permit revocation, the permit was properly revoked, and, thus, that appellant's right to the permit is not clear. We find no merit in this assertion, since the building permit in question was issued on September 27, 1973, and, quite plainly, six months did not then elapse before January 4, 1974. Since a clear right to the permits in question may therefore be asserted,

4. Since the Commissioner does not argue that the rezoning ordinance was pending at the time of the permit revocations, we need not presently further examine the matter of pendency.

484

mandamus is an appropriate remedy by which reinstatement of the permits may be sought.

Order of the Commonwealth Court reversed.