Leidy Scholl, Appellant *v.* Sydney C. Britten et al., Appellees.

Argued December 12, 1984, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*George Ditter,* with him, *S. Gerald Corso, Jenkins, Tarquini & Jenkins,* for appellant.

*Jeffrey T. Sultanik, Pearlstine, Salkin, Hardiman and Robinson,* for appellees.

OPINION BY JUDGE CRAIG, January 28, 1985:

Leidy Scholl appeals an order of the Court of Common Pleas of Montgomery County sustaining the preliminary objections of Hatfield Township Officers Sydney Britten, Ronald Fluck and Steven Bennett, to Scholl's complaint in mandamus which sought to compel those officers to issue a building permit.

On three occasions, Scholl applied for a building permit to alter a garage door to a forty-inch door on his commercial property used as a car wash and laundromat. On all three occasions, the township denied Scholl's application for failure to comply with various building, zoning and land development ordinances, and in each case provided Scholl with timely and adequate notice specifying the steps necessary to

bring his application into compliance. Scholl did not appeal any of the permit denials to the zoning hearing board, but instead filed his complaint in mandamus claiming that the township officers' repeated denial of his application was harassment.

We must determine whether the common pleas court properly dismissed Scholl's complaint, holding that mandamus did not lie because he had an adequate remedy at law in an appeal of the permit denials to the township zoning hearing board under section 909 of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. §10909, which provides:

The board shall hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of the action of the zoning officer. Nothing contained herein shall be construed to deny to the appellant the right to proceed directly in court, where appropriate, pursuant to Pa. R.C.P., sections 1091 to 1098 relating to mandamus.

In *Lindy Homes, Inc. v. Sabatini*, 499 Pa. 478, 453 A.2d 972 (1982), the Supreme Court reiterated that a landowner may seek a building or zoning permit by a mandamus action if the landowner's right to the permit is clear and unconditional. *Lindy Homes* limited *Unger v. Township of Hampton*, 437 Pa. 399, 263 A.2d 385 (1970), which restricted the availability of mandamus, to cases where "a proposed land use does not comply with an existing ordinance, and, hence, where invalidity of the ordinance itself must be established before a landowner's right to a permit

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

becomes clear." *Lindy Homes,* 499 Pa. at 482, 453 A.2d at 973-74.

Here, the landowner's complaint does not attack the validity of the ordinance, but states simply that no ordinance prohibits the proposed construction. However, the ordinance plainly requires compliance with certain procedures before the zoning officer can issue a building permit authorizing the proposed construction, and, under section 614 of the MPC, 53 P.S. §10614, the zoning officer must "administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance." The existence of issues as to the landowner's noncompliance is evident from the complaint itself, which includes as an exhibit the township's permit denial actions, explicitly setting forth the deficiencies and omissions in the landowner's application. Scholl has offered no reason why he should not be required to comply with the ordinance requirements, except to assert that the proposed construction will not change the building lines, and to claim that the township is imposing the ordinance requirements merely to harass him.

In *Kirk v. Smay,* 28 Pa. Commonwealth Ct. 13, 367 A.2d 760 (1976), the applicant failed to submit a site plan approval as the local ordinance required; we held that the applicant therefore did not have a clear right to the permit, and that mandamus was not appropriate. Similarly here, because Scholl failed to comply with local ordinance requirements for the issuance of the permit, his right to the permit was not clear. Thus, the trial court therefore properly dismissed the action in mandamus.

Further, because no amendment to the complaint could cure the defect, the trial court did not err in

244

refusing to grant plaintiff leave to amend his complaint.

Accordingly, we affirm Judge SCIRICA's proper order.

ORDER

Now, January 28, 1985, the order of the Court of Common Pleas of Montgomery County at No. 82-16552, dated June 28, 1983, is affirmed.