## Haury v. Harborcreek Township Board of Supervisors

*Michael P. Gehringer*, for plaintiffs.
*Charles K. Moffatt*, for defendants.

LEVIN, J., July 14, 1988—This matter comes before the court pursuant to plaintiffs' motion for peremptory judgment. Plaintiffs initiated the within action in mandamus against the Harborcreek Township Supervisors and the Harborcreek Township Zoning Administrator. In their complaint, plaintiffs ask this court to direct defendants to issue plaintiffs a conditional use permit. Plaintiffs' complaint is predicated on the following facts.

Plaintiffs own a parcel of land located in Harborcreek Township, Erie County, Pennsylvania. That parcel is zoned as an "R-2A" residential district. Harborcreek Township Zoning Ordinance no. 84-102, §12.7. It is on that parcel plaintiffs seek to erect a duplex. According to the Harborcreek Township Zoning Ordinance a duplex is permitted as a conditional use in an "R-2A" zoned area. Harborcreek Township Zoning Ordinance no. 84-102, §12.7(b)(3)(A). Consistent with their desire to build the duplex and in conformity with section 12.17 of the ordinance, plaintiffs applied to the Harborcreek Township Board of Supervisors for a conditional use permit. This request was granted on May 15, 1987. Thereafter, a group of Harborcreek Township residents filed an appeal to the Harborcreek Township Zoning Hearing Board objecting to the granting of the conditional use permit. As a result of the appeal, an appeal hearing was held before the Harborcreek Township Zoning Hearing

Board. Pursuant to that hearing, the Harborcreek Township Zoning Hearing Board held that the action of the Harborcreek Township Board of Supervisors was proper in issuing the conditional use permit to plaintiffs. Approximately one week later on September 23, 1987, on its own motion and without a hearing or formal notice to plaintiffs, the Harborcreek Township Zoning Hearing Board voted to revoke plaintiffs' conditional use permit.

Plaintiffs assert that the facts of record established their right to the issuance of the permit and as such, they are now entitled to judgment in their favor.

A motion for peremptory judgment is properly granted in a mandamus action where plaintiff's right to judgment is without question. Pa. R.C.P. 1098. The burden of proof is on plaintiff to demonstrate that no genuine issue of fact exists when the record is examined in the light most favorable to the non-moving party. *Aiken v. Radnor Twp. Board of Supervisors*, 83 Pa. Commw. 190, 476 A.2d 1383 (1984); *Babcock School District v. Potocki*, 71 Pa. Commw. 504, 455 A.2d 273 (1983), rev'd on other grounds 502 Pa. 349, 466 A.2d 616. In ruling on this motion, the court may consider both the actual record, as well as the record potentially possible at time of trial. *Wolgemuth v. Kleinfelter*, 63 Pa. Commw. 395, 437 A.2d 1329 (1981).

In a mandamus action involving issuance of a municipal permit, it is incumbent upon plaintiff to show that his right to the permit is "clear"[1] and "the issuance thereof by the proper official is no more than the performance of a ministerial act which ad-

---

1. Although generally this court abhors the word "clear" because if it is so obvious, it need not be described. Yet, in cases such as this, the word "clear" becomes a term of art.

mits of no discretion in a municipal officer." *Lindy Homes Inc. v. Sabatini,* 499 Pa. 478, 453 A.2d 972 (1982). The Supreme Court has restricted the availability of mandamus to situations where the validity of an ordinance under which a permit is refused is not an issue. If the validity of the ordinance is challenged, then plaintiff must establish that invalidity before his right to a permit is certain. *Id.; Unger v. Township of Hampton,* 437 Pa. 399, 263 A.2d 385 (1970). If the permit could not rightfully be refused in the first instance, its arbitrary revocation after issuance, assuming that occurred, warrants resort to mandamus to effect reinstatement. *Lindy Homes Inc. v. Sabatini, supra,* 499 Pa. at 481-2, 453 A.2d at 973.

In light of the stringent standards set forth above, plaintiffs herein urge this court to sustain their motion. Defendants' stance is otherwise. In so doing, defendants state the conditional use as originally granted, considering the use it may be put to, would be in violation of a zoning ordinance. Defendants also argue that the public notice given by the township prior to the issuance of the permit was defective, thus invalidating the subject permit. Finally, defendants maintain they even had the power to grant the subject conditional use to plaintiff. They also had the power to revoke plaintiffs' permit on their own motion. Hence, according to defendants, plaintiffs cannot show they had a manifest right to the requested permit.

Plaintiffs herein are not challenging the validity of the ordinance. As such, the focus of the present factual inquiry is whether plaintiffs have complied with the requirements of a valid ordinance and are now entitled to the permit.

With respect to defendants' first contention, a review of the record reveals certain uncontested facts.

Plaintiffs sought, and were granted, a permit to construct a duplex on their property. It is undisputed that plaintiffs followed the appropriate procedures contained in the ordinance for acquiring a permit. Also, defendants do not dispute the fact that plaintiffs' proposed use satisfactorily complies with the requirements pertaining to duplexes as conditional uses mandated by the zoning ordinance. See Harborcreek Township Zoning Ordinance no. 84-102, §12, 7(c)(1)B; §12, 17(a)(3)P. There is nothing in the record before the court to suggest that the Board of Supervisors was laboring under a mistake of fact when it approved plaintiffs' request for a conditional use permit to build a duplex. Therefore, considering all of the above, the conditional use permit for a duplex, when granted to plaintiffs, was proper.

Defendants' contention that there was a lack of proper notice prior to the conditional use permit being granted by the Board of Supervisors has no merit. Admittedly, the zoning ordinance requires a public hearing to be held. Harborcreek Township Zoning Ordinance no. 84-102, §12.4(103); §12, 17(a)(2)C. "Public notice" under the ordinance is:

"Notice published once a week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days or less than 14 days from the date of the hearing." *Id.* §12.4(104).

Defendants' stance is that the issuance of the permit should be deemed invalid because the township advertised only once instead of twice. However, this argument overlooks that fact that approximately 27 Harborcreek landowners joined together and ap-

pealed from the action of the supervisors. Although notice may have been technically defective, the defect should be considered harmless in view of the number of interested landowners who subsequently appealed the supervisors' decision. This large number of protesters illustrates that the hearing to be held on the granting of this permit was common knowledge by the landowners in the area. The protesting landowners had to express all of the concerns of the parties who would be affected by the conditional use permit. It is hard to envision that these arguments and contentions were not fully and capably presented by the protesters to the hearing body. Even assuming there was some technical procedural error, the supervisors should now be estopped from benefitting from their own error in order to deny rights already given to a party. The court notes that there is a possible provision that may or may not be controlling concerning defects in the granting of conditional use permits. It is found in 53 P.S. § 11003 which reads as follows:

"Questions of an alleged defect in the process of enactment or adoptions of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court filed not later than 30 days from the effective date of the ordinance or map."

Hence, that statute may require that procedural defects in granting conditional use permits shall be raised by appeal. Here, no such appeal was filed by defendants.

Once determining that the original granting of the conditional use permit was proper, the court must still rule on the board of supervisors' revocation of this permit.

Case law indicates that a permit can only be validly revoked in those situations where it has been is-

sued illegally, or in violation of law or under a mistake of fact. *Bogush v. Zoning Hearing Board of the Borough of Coplay,* 63 Pa. Commw. 280, 437 A.2d 1086 (1981) and cases cited therein. However, no illegality or violation or mistake exists in the present matter. As such, there is no reason for defendants to have revoked plaintiffs' permit. This is particularly true inasmuch as plaintiffs were not given an opportunity to be heard prior to or at the time of the revocation. The action by the board of supervisors in revoking the permit, without notice to plaintiffs or hearing, presents questions relative to procedural due process. Due process, which includes notice and the right to be heard, is a fundamental right.[2] It has been passed on from one generation to another and goes back to the Magna Carta in the year 1215. This principle is firmly etched in stone in our legal system of jurisprudence. In many ways, it is one of the cornerstones of our judicial system. It should not be taken away unless done in complete conformity with the law. As noted earlier, this was not done in the present case. The permit was taken away at a meeting of which plaintiffs were not given notice or a right to be heard.

In addition to their request for the permit, plaintiffs also ask this court for further relief in the form

2. Actually, the right to be heard is the genesis of the legal system. Lawyers' main objective is to present a case to a judge or other body in such a fashion that their client's interests are adequately heard and stated and presented in the most favorable light. If parties do not have the opportunity to be heard in an adequate fashion, the need for the legal profession falls by the wayside. The word "advocate" is equivalent in many ways to that of "lawyer." An advocate has many times been referred to as one who pleads the cause of another before a court or a tribunal. Without the right to be heard, no such advocacy can take place and no lawyer is needed.

of a "cease and desist" order. Plaintiffs want to preclude defendants from engaging in any efforts which are designed to prevent housing any students in the duplex when it is completed. The record before this court is void of any evidence which substantiates defendants' assertion that plaintiffs' projected use of the property would be in violation of the zoning law.

As to plaintiffs' request for a "cease and desist" order, this court is reluctant to grant same for two reasons. It first questions whether a "cease and desist" order is an available relief in a mandamus action. In essence, plaintiffs are now asking for injunctive relief by requesting the court to order that defendant "cease and desist" from engaging in certain activities. This requested relief, unlike that sought in a mandamus action, is an action brought to enforce an established right, not one used to establish a right. Mandamus relief is not to be used to investigate and inquire but to compel. Therefore, rights which remain questionable are not before the court and cannot be enforced. *Leff v. N. Kaufmann's Inc.*, 342 Pa. 342, 20 A.2d 786 (1941). Assuming arguendo such relief is appropriate, certain issues of fact remain outstanding with respect to the "cease and desist" order. The primary question to be resolved before such an injunctive order can be issued is whether certain students living together in a duplex do in fact constitute a dormitory and not a family unit. To resolve that question, the court at that time would necessarily refer to all terms of the ordinance, including but not limited to its definitions of dormitory and family unit contained therein, as well as the actual use to which the structure is being put. That determination involves a complex question of law and fact. If plaintiffs do not act in conformity with their permit as required by the ordi-

nance, then and at that time, defendants will be able to take the appropriate steps. In any event, it is premature for this court to consider that request inasmuch as the duplex has not yet been built. At present, it is impossible to determine who will reside in it and in what manner it will be occupied. Therefore, the court will not issue the cease and desist order requested by plaintiffs against defendants. The question of damages, if any, requested by plaintiffs, since not yet fully developed by plaintiffs, will not be dealt with in this opinion.

## ORDER

And now, July 14, 1988, it is hereby ordered, adjudged and decreed as follows:

(1) Peremptory judgment is hereby entered in favor of plaintiffs against defendants as it relates to plaintiffs request that defendants issue a conditional use permit to plaintiffs for a duplex. Thus, defendants are hereby ordered to grant and deliver to plaintiffs the conditional use permit to build a duplex on the land in question.

(2) Plaintiffs' request for a "cease and desist" order is hereby denied for the reasons outlined in the foregoing opinion.

(3) The issue of damages, if any, will not be disposed of at this time by this order.