**J.B. STEVEN, INC., a Pennsylvania Corporation, Appellant,**

v.

**Nicholas P. RULLO, Building Inspector of Hempfield Township and Hempfield Township.**

Commonwealth Court of Pennsylvania.

Argued March 17, 1995.

Decided April 27, 1995.

Victor R. Delle Donne, for appellant.

Thomas J. Godlewski, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

J.B. Steven, Inc. (JBS), a corporation engaged in the outdoor advertising business, has appealed from the order of the Court of Common Pleas of Westmoreland County, dated July 20, 1994, sustaining the preliminary objections of Nicholas P. Rullo and Hempfield Township (collectively Township) and dismissing JBS' complaint in mandamus.

In its complaint in mandamus, JBS alleged it had a clear legal right to the issuance of building and occupancy permits to erect two billboards on Route 30 in a commercial district; that its applications were in full compliance with all pertinent provisions of the Hempfield Township Zoning Ordinance (ordinance); and that the Township's Building Inspector had arbitrarily denied such permits, even though the Building Inspector, acting under the same provisions of the Zoning Ordinance that apply to JBS' applications, had heretofore issued permits for applications such as are involved in its case.

The Township filed preliminary objections on the ground that JBS' remedy was not mandamus, but a statutory appeal, filed pursuant to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 11001–A to 11006–A. About two months after the complaint in mandamus had been filed, the trial court sustained the preliminary objections, on the basis that mandamus was premature, but stayed the complaint pending an appeal and decision by the Hempfield Township Zoning Hearing Board (ZHB).

On March 5, 1991, JBS filed its statutory appeal with the ZHB. After hearing, the ZHB upheld the denial of the permits on the ground the statutory appeal was not timely filed and, in the alternative, that the erection of a billboard under the terms of the ordinance was a principal not an accessory use, requiring a separate buildable lot and compliance with subdivision regulations.

On appeal in the statutory action, the trial court remanded the case to the ZHB to take additional evidence in regard to prior decisions of the ZHB in which billboard permits had been granted. On August 27, 1993, after hearing, the ZHB reaffirmed its denial of the billboard permits, explaining that its prior Zoning Officer had incorrectly interpreted its zoning ordinance and, after receiving citizen complaints, its successor Zoning Officer, after 1990, was correctly interpreting its ordinance to classify billboards as principal and not accessory uses.

JBS again appealed the decision of the ZHB to the trial court on two issues: (1) that its statutory appeal was timely because its complaint in mandamus, which could be treated as a statutory appeal was filed within thirty days of the denial of its application by the zoning officer; and (2) on the merits, that a billboard is a sign defined by the ordinance as an accessory use, not requiring a separate lot or subdivision approval. The trial court held that the action in mandamus could not be substituted as a statutory appeal to the ZHB, and that the appeal to the ZHB was untimely. The trial court also found on the merits that the ZHB had committed no error in its interpretation of the zoning ordinance and had not abused its discretion.

In this mandamus proceeding the trial court reiterated that it had previously found the mandamus action was untimely, that it

had upheld the decisions of the ZHB in the statutory appeals and, therefore, a clear legal right to the permits did not exist.

Despite the extensive procedural history in the statutory appeal, the statutory appeal action and the mandamus action have never been consolidated. Indeed, after argument, the trial court denied JBS' motion to consolidate. (R.R. 88a.) In the statutory appeal, in this Court at *J.B. Steven v. Zoning Hearing Board of Hempfield Township,* —— Pa.Commonwealth Ct. ——, 658 A.2d 458 (1995) (No. 2089 C.D.1994, filed April 27, 1995), we did not reach the merits, but affirmed the order of the trial court because the statutory appeal had been untimely filed. Therefore, the only matters of record in this mandamus action, is a complaint and preliminary objections on the ground that the statutory appeal is the exclusive remedy.

A similar argument was made in the case of *Stoner v. Township of Lower Merion,* 138 Pa.Commonwealth Ct. 257, 587 A.2d 879 (1991) *petition for allowance of appeal denied,* 529 Pa. 660, 604 A.2d 252 (1992), where landowners had, inter alia, filed a complaint in mandamus asserting they had a clear right to approval of their subdivision application, because their application fully complied with the township's ordinance requirements. This Court reversed the trial court which had sustained the preliminary objections of the township on the mandamus count, holding that mandamus continued to be available as a remedy where entitlement to issuance of a land use approval is clear, except where the landowner is seeking to invalidate any zoning or subdivision requirements. In *Lindy Homes, Inc. v. Sabatini,* 499 Pa. 478, 453 A.2d 972 (1982), the Supreme Court declined to "discard mandamus in favor of protracted administrative appeals, where entitlement to issuance of land use permits is clear...." *Id.* at 482, 453 A.2d at 974. In the case of *J.B. Steven, Inc. v. Wilkens Township,* 164 Pa.Commonwealth Ct. 315, 320, 643 A.2d 142, 144 (1994), the Court said:

> We must review this appeal, however, in the context that it is presented, i.e., preliminary objections. To sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and where any doubt exists, that doubt should be resolved by a refusal to sustain the preliminary objections.... When considering preliminary objections, we must accept as true all well pleaded facts, and all inferences reasonably deduced therefrom.... It is enough that the well pleaded facts, if believed, would support the relief claimed. (Citations omitted.)

In this context, the Township's preliminary objection that the statutory appeal is JBS' exclusive remedy cannot be sustained. *Cf. Karl Smith Development Co. v. Borough of Aspinwall,* 125 Pa.Commonwealth Ct. 687, 558 A.2d 181 (1989) *petition for allowance of appeal denied,* 525 Pa. 614, 577 A.2d 545 (1990) (where the Borough had filed an answer and new matter raising factual and legal defenses to the complaint in mandamus, the right to relief in mandamus was not clear, and mandamus would not lie). Accordingly, the order of the trial court is reversed and the Township's preliminary objections are dismissed.

## ORDER

NOW, April 27, 1995, the order of the Court of Common Pleas of Westmoreland County, dated July 20, 1994, dismissing J.B. Steven's complaint in mandamus, is reversed. The preliminary objections of Nicholas P. Rullo and Hempfield Township are dismissed and this matter is remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.