**Lois Jean COPECHAL on her own behalf and on behalf of Arne Wallin, Thurman Stone, Tom West, Curt Gernaeda and John Mosley, Appellant,**

v.

**TOWNSHIP OF BRISTOL, DEPARTMENT OF LICENSES AND INSPECTIONS.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 1995.
Decided Dec. 20, 1995.

---

Bernard D. Cullen, for appellant.

Maureen P. Fitzgerald, for appellee.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Lois Jean Copechal[1] appeals from an order of the Court of Common Pleas of Bucks County which sustained the preliminary objections of the Township of Bristol, Department of Licenses and Inspections, to a complaint in mandamus which requested that the Township be compelled to issue use and occupancy permits for the storage and repair of trucks on property owned by Copechal within the Township.

The relevant facts, as alleged in Copechal's complaint filed with the court of common pleas, are as follows. Copechal is the owner of nine separate rental properties located within an area of the Township zoned for commercial use. Garages have existed on all of these properties for over fifty years and have been used continuously since the time they were built for the storage, repair and maintenance of trucks. Copechal alleges that the Township has previously issued use and occupancy permits which allowed truck storage and repair to be performed on all of these properties.

On August 25, 1994, Arne Wallin and Thurman Stone filed separate use and occupancy permit applications with the Township, seeking to repair and store trucks on property owned by Copechal which they lease. Despite Copechal's assertion that the properties had been used for similar activities for over fifty years and that the Township had previously approved use and occupancy permits for the same use, the Township's Code Enforcement Officer denied the permit applications in letters dated September 1, 1994. The Code Enforcement Officer based this decision on his belief that the proposed use is

---

1. Copechal has brought this action against Bristol Township on her own behalf and, as the caption of the appeal filed by Copechal reveals, also "on behalf of Arne Wallin, Thurman Stone, Tom West, Curt Gernaeda and John Mosley." We also note that these *other* persons named were joint plaintiffs before the trial court under Pa.R.C.P. No. 2229. Wallin and Stone are both business tenants of Copechal who have been denied use and occupancy permits which would allow them to use garage space for the storage and repair of trucks on property they rent from Copechal. West, Gernaeda and Mosley are also tenants of Copechal who wish to repair and store trucks as an ongoing business activity. Although they have not actually applied for use and occupancy permits as of now, they allege that they wish to obtain such permits in the future.

not permitted in the Township's Commercial District under the Township's Zoning Ordinance. Nevertheless, he did inform Wallin and Stone that they had the right to appeal his decision to the Bristol Township Zoning Hearing Board.

Neither Copechal, nor any of the other parties to this action, appealed the Code Enforcement Officer's determination to the Zoning Hearing Board. Instead, on September 13, 1994, Copechal filed a complaint with the court of common pleas seeking a writ of mandamus from that court ordering the Township to immediately issue the desired use and occupancy permits for the properties as well as the payment of attorney fees and other damages resulting from the Township's actions in denying those permits. In the alternative, Copechal requested that the court of common pleas treat the complaint as an appeal from the Code Enforcement Officer's decision and "remand"[2] the case to the Zoning Hearing Board for a hearing on the merits.

The Township filed preliminary objections to the complaint in which it argued, *inter alia,* that the court of common pleas lacked jurisdiction because neither Copechal, nor her tenants, filed an appeal with the Zoning Hearing Board, and thereby did not exhaust all administrative remedies available to them. By an order dated December 21, 1994, the court of common pleas sustained the Township's preliminary objections and dismissed the complaint. Copechal's appeal to this Court followed.

On appeal, the sole issue presented is whether the court of common pleas erred in concluding that it lacked jurisdiction to consider the merits of Copechal's mandamus action, which involved the rights of Copechal and her tenants to obtain use and occupancy permits under the Zoning Ordinance, when there existed an unqualified right to appeal the denial of these permits to the Zoning Hearing Board.

 Initially, we recognize that this appeal is presented in the context of preliminary objections, which were sustained by the trial court. Thus, we must accept all relevant facts sufficiently pled as true as well as all inferences reasonably deducible therefrom. *J.B. Steven, Inc. v. Board of Commissioners,* 164 Pa.Cmwlth. 315, 643 A.2d 142 (1994), *petition for allowance of appeal denied,* 539 Pa. 671, 652 A.2d 841 (1994). In addition, preliminary objections must be denied unless it is certain and beyond all doubt that the law will not permit recovery. *Id.*

 While the Township must meet a heavy burden in order to have its preliminary objections sustained, Copechal is faced with a similarly heavy burden. A writ of mandamus is an extraordinary remedy and ordinarily will not be issued unless the party seeking the writ demonstrates a clear legal right to the relief requested, a corresponding duty on the part of the defendant, and the lack of an adequate alternative remedy. *Lindy Homes, Inc. v. Sabatini,* 499 Pa. 478, 453 A.2d 972 (1982). Furthermore, for a clear legal right to exist, the governmental act which the party seeks to compel must be purely ministerial in nature and must not involve any discretion on the part of municipal officials. *Id.*

In the present case, the court of common pleas found that Copechal had an adequate alternative remedy available since she could have appealed the Code Enforcement Officer's decision to the Zoning Hearing Board. Therefore, the trial court sustained the Township's preliminary objections, concluding that it lacked jurisdiction to hear the case since the minimum requirements for bringing a mandamus action were not satisfied.

Nevertheless, Copechal argues that an action in mandamus is still an appropriate means by which to obtain relief in a zoning matter, even where there exists a separate right to appeal to the zoning hearing board. Copechal relies on Section 910.1 of the Mu-

---

**2.** Technically, since the case never was heard by the Zoning Hearing Board in the first place, the court of common pleas could not "remand" the case to that body. More precisely, Copechal was requesting that the court of common pleas "transfer" the case to the Zoning Hearing Board for a full hearing on the merits. However, as explained more fully below, the court of common pleas lacks the authority to transfer a case of this kind to the Zoning Hearing Board. *See infra* note 6.

nicipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.1, which states: "Nothing contained in this article shall be construed to deny the appellant the right to proceed directly to court where appropriate, pursuant to the Pennsylvania Rules of Civil Procedure No. 1091 (relating to action in mandamus)." [3]

Section 910.1 of the MPC has been interpreted by both the Supreme Court and this Court as permitting a court of common pleas to hear an action in mandamus where the party seeking relief could have filed an appeal with the local zoning hearing board. *See, e.g., Lindy Homes; J.B. Steven, Inc. v. Rullo,* 658 A.2d 460 (Pa.Cmwlth.1995); *Stoner v. Township of Lower Merion,* 138 Pa. Cmwlth. 257, 587 A.2d 879 (1991), *petition for allowance of appeal denied,* 529 Pa. 660, 604 A.2d 252 (1992).

In *Lindy Homes,* the City of Philadelphia applied a new zoning ordinance retroactively to revoke a builder's zoning and building permits. The Supreme Court held in that case that mandamus is an appropriate remedy, even where the party has failed to pursue an available administrative appeal, **so long as the proposed land use complies with the zoning ordinance in existence when the party applied for the permit.** *Id.* In reaching its decision, the Supreme Court made the following conclusion:

> Since validity of a zoning ordinance is not at issue in the present case, the rule set forth in *Unger [v. Township of Hampton,* 437 Pa. 399, 263 A.2d 385 (1970) ], requiring that the issue of an ordinance's validity be raised in an administrative appeal, is inapplicable. Extension of the *Unger* rule, so as to discard mandamus in favor of protracted administrative appeals, where entitlement to issuance of land use permits is *clear,* would unduly burden landowners with an inadequate, and inefficient, remedy, while facilitating municipal abuse of the licensing power. Thus, the prerequisite to mandamus, that there be a want of any other appropriate and adequate remedy is satisfied.

*Lindy Homes,* 499 Pa. at 482, 453 A.2d at 974 (citations omitted). Likewise, in *Stoner,* this Court held that Section 910.1 of the MPC specifically provides for mandamus relief when the landowner who has been denied a land use permit has demonstrated a clear legal entitlement to the permit under the terms of the zoning ordinance.

■ Although Copechal correctly recites the law establishing the right of citizens who have been denied a zoning permit in clear violation of existing law to bring an action in mandamus, we do not agree that Copechal has established such a right under the facts of this case. Unlike *Lindy Homes, Stoner* and the other cases cited by Copechal, the facts as alleged by Copechal in her complaint do not demonstrate that she has a clear legal right to relief. Since this is a necessary prerequisite to maintaining a mandamus action, we must affirm the decision of the trial court dismissing her action.

Copechal wishes to be allowed to use garages located within a section of the Township zoned for commercial uses for the storage and repair of trucks where such a use is not a permitted use under the facts presented in this case. Quite to the contrary, such a use is clearly a prohibited use under the Township's Zoning Ordinance.

Article XXVII, Part 7, Section 62 of the Township's Zoning Ordinance provides that buildings or lots may be used in a Commercial District for the following uses:

1. Hotel, tourist house, motel.

2. Retail store, professional or business office, studio, mortuary, bank or similar financial institution.

3. Restaurant, tea room, cafe or other similar places serving food or beverages.

4. Personal service shop such as, but not limited to, barber shop, beauty parlor, shoe repair shop, dry cleaning pick-up shop, tailor shop, and automatic self-service laundry.

**5. Automobile uses as follows:**

 **(a) Automobile sales agency as a primary use, in which automobile repair**

---

**3.** Pa.R.C.P. No. 1091 states: "Except as otherwise provided in this chapter, the procedure in the action of mandamus shall be in accordance with the rules relating to a civil action."

**service shall be permitted as an accessory use.** (Emphasis added.)

(b) (repealed by *Ordinance 1089* )

6. (Repealed by *Ordinance 906* )

7. Private school, hospital.

8. Bakery, or confectionery shop, for the production of articles to be sold only at retail on the premises.

9. (Repealed by *Ordinance 906* )

10. Club or lodge.

11. The following uses when authorized by the Zoning Hearing Board, as a special exception in accordance with Sections 1009 and 1015.

(a) Distributing station for milk or other beverages.

(b) Place of amusement, recreation, or assembly when conducted indoors.

12. Any use of the same general character as any of the above permitted uses, provided that no use which is noxious or hazardous shall be permitted except in accordance with Section 1009. *Provided further*, that no gasoline service station shall be permitted as an accessory use.

13. Accessory use on the same lot with and customarily incidental to any of the above permitted uses, and signs when erected and maintained in accordance with the provisions of Article XI of this ordinance.

Although automobile repair is permitted as an accessory use to an automobile sales agency, Copechal has failed to specify where in the Zoning Ordinance the Township allows individuals to store and repair trucks, either as a primary or an accessory use, in a Commercial District. Rather than having a clear legal right to use her property for this purpose, our reading of the Zoning Ordinance indicates that there is no *prima facie* right to repair or store trucks within the Township's Commercial District.

In making this observation, we recognize that Copechal might still have had a right to use her property in the manner requested despite the express terms of the Zoning Ordinance. For example, Copechal alleges that her property has been used for the storage and repair of trucks for over fifty years. We may infer from this that she believes she has a vested right to continue this practice as a preexisting nonconforming use despite any contrary language in the Zoning Ordinance.[4] Alternatively, Copechal might have been able to establish that the Township did not allow the storage and repair of trucks *anywhere* in the Township, in which case, Copechal would have been entitled to relief since the Zoning Ordinance would be exclusionary.[5]

However, regardless of the merits which these claims might actually have, an action in mandamus is simply not the proper forum to answer the question of whether the Township's Zoning Ordinance is exclusionary or whether Copechal's proposed use of her property is a preexisting nonconforming use. The answers to these questions are not clear and involve sensitive factual issues which are best answered by the Zoning Hearing Board, which has special expertise in this area. Moreover, the record that such a tribunal would create would form the proper basis for any subsequent court challenge to the zoning ordinance on exclusionary use grounds.

Accordingly, we affirm the decision of the court of common pleas which sustained the

4. A landowner has a constitutional right to continue a non-conforming use on his property unless he abandons that use. *Baird v. Zoning Board of Adjustment of Slippery Rock Borough*, 20 Pa.Cmwlth. 236, 340 A.2d 904 (1975). However, the landowner has the burden of proving that the nonconforming use preexisted its prohibition under the zoning ordinance. *Little v. Zoning Hearing Board of Abington Township*, 24 Pa.Cmwlth. 490, 357 A.2d 266 (1976).

5. It is a well-established tenet of Pennsylvania zoning law that the total prohibition of a particular activity within a municipality is invalid unless the municipality proves that some greater public interest is served by a total ban on that activity. *See Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971). However, Copechal has not alleged that the Township's Zoning Ordinance is in fact exclusionary, either on its face or in effect. Furthermore, if this were Copechal's argument, we would still have to dismiss her appeal since challenges to the validity of a zoning ordinance cannot be raised in an action in mandamus. *Unger.*

Township's preliminary objections and dismissed Copechal's complaint in mandamus.[6]

## ORDER

NOW, December 20, 1995, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

---

**6.** Copechal has not specifically asked this Court to transfer this case to a Zoning Hearing Board if we determine that the Township's preliminary objections should be sustained. However, we would decline to do so even if she had requested such relief, since the courts of this Commonwealth, although authorized to transfer a misfiled case to another court in the unified judicial system, cannot transfer a case to a local zoning hearing board. *See J.B. Steven, Inc. v. Zoning Hearing Board of Hempfield Township,* 658 A.2d 458 (Pa.Cmwlth.1995).