## PAUL T. KRONBERG *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     JUDICIAL DISTRICT OF MIDDLESEX     FILE NO. 29815

Memorandum filed April 25, 1980

*Lynch, Traub, Keefe & Marlowe,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Donald Wasik,* assistant attorney general, for the defendant.

---

HIGGINS, J.  Paul Kronberg collected unemployment compensation from January through September, 1977.  The total amount he received was $3861. On November 15, 1977, the unemployment compensation department sent Kronberg notice that he was ineligible to receive benefits at the time he collected them because he was not unemployed as required by law, but instead was self-employed as an auto parts salesman.  Accordingly, the department concluded that Kronberg had to refund the $3861 he had collected during the past year.

Kronberg appealed the department's decision, and a referee heard the appeal in May.  At that hearing Kronberg, on the advice of counsel, declined the opportunity to testify in his own behalf.  The referee ruled against Kronberg and affirmed the administrator's ruling.

Kronberg next appealed the referee's decision to the employment security board of review.  At this second hearing Kronberg again failed to take advantage of the opportunity to testify in his own behalf or to offer any exculpatory evidence, and again his appeal was dismissed.

Meanwhile, Kronberg decided that he should have testified before the referee or before the board, and filed a motion to open the decision of the board of review so that he could be heard.  The board denied that motion, and Kronberg then appealed to this court.

Section 31-249a of the General Statutes provides that the board of review may open or modify a decision "on grounds of new evidence or if the ends of justice so require upon good cause shown."  The board's decision whether to open a case is thus discretionary, not mandatory.  Though an appeal may be taken from the board's decision; General Statutes § 31-249b; the reviewing court does not try the

matter de novo, but only determines whether the board acted unreasonably, arbitrarily or illegally. *DaSilva* v. *Administrator,* 175 Conn. 562; *Guevara* v. *Administrator,* 172 Conn. 492. In the present case, this court is unable to find that the board erred in refusing to rehear Kronberg's case.

To justify his change of heart about testifying, Kronberg explains that he was in an "impossible dilemma" at the time the hearings were held: If he chose to testify, his testimony could later be used against him if the employment security appeals division decided to press criminal charges; if, on the other hand, he took advantage of his fifth amendment privilege not to testify, then he would be unable to mitigate his civil liability. Presumably, the same dilemma faced Kronberg when he decided in favor of testifying and filed his motion to open with the board of review. He had no new evidence to offer; instead, he simply decided to offer what evidence he had.

Kronberg's assertion that he was denied procedural due process because of this dilemma is interesting, but not persuasive. According to the United States Supreme Court, the fifth amendment guarantees only that a witness not be *compelled* to give self-incriminating testimony. The test to be applied is "whether, considering the totality of the circumstances, the free will of the witness was overborne." *United States* v. *Washington,* 431 U.S. 181, 188 (testimony given by grand jury witness may later be used against him in prosecution for substantive criminal offense). The court has held that impermissibly coercive conditions exist if a refusal to answer incriminating questions will cause a person to lose his job; *Garrity* v. *New Jersey,* 385 U.S. 493; or if refusal will result in loss of professional standing and ability to earn a living. *Spevack* v. *Klein,* 385 U.S. 511. In no case has a court held

that the possibility of a defendant's being held liable for a great amount of money damages constitutes such forbidden coercion. Indeed, those courts that have considered the issue specifically discount the idea that financial disadvantage alone prevents a person from making a voluntary decision on whether to testify. See, e.g., *United States* v. *Bottone,* 365 F.2d 389 (2d Cir.), cert. denied, 385 U.S. 974. See also *London* v. *Patterson,* 463 F.2d 95 (9th Cir.), cert. denied, 411 U.S. 906; *Keener* v. *People,* 194 Colo. 244 (where defendant testified at contempt [child support] proceeding as to his income, and that testimony was later used against him in criminal nonsupport action, defendant's right against self-incrimination not violated per order of court).

In light of the fact that the defendant has failed to show that the board's decision was arbitrary, unreasonable or illegal, his appeal is dismissed.

It is so ordered.