**STATE of Delaware, Petitioner,**

v.

**William L. COLEMAN, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted May 13, 1981.

Decided June 18, 1981.

**392**

H. Kemp Vye, Deputy Atty. Gen., for petitioner.

James A. Bayard, Jr., Asst. Public Defender, for respondent.

POPPITI, Judge:

On January 12, 1981, the Court accepted the respondent William Coleman's plea of guilt to the charge of Escape 3rd (80–90478) and entered an adjudication of delinquency. The respondent was on that date committed to the Department of Correction pursuant to 10 *Del.C.* § 937(c)(2) which reads as follows:

> Any child committed to the Department of Correction subsequent to an adjudication of delinquency and who thereafter is adjudicated delinquent of a charge of escape pursuant to subpart E of subchapter VI of Chapter 5 of Title II, is declared a child in need of mandated institutional treatment, and the Court shall recommit the child to the Department of Correction for at least a 6-month period of institutional confinement.

Counsel for the respondent advised the Court that the respondent had been returned to the Ferris School Facility on September 22, 1980, where he remained until the date of adjudication and disposition. In this regard, counsel requested that the date for commencement of the mandatory 6 month recommitment be from the date of the respondent's return and not from the date of the adjudication of guilt and subsequent ordered recommitment for the Escape. The question becomes, subsequent to an adjudication for Escape 3rd does the respondent's mandatory recommitment under 10 *Del.C.* § 937(c)(2) commence from the date the respondent is returned to the custody of Ferris School officials or does the respondent's mandatory recommitment commence as of the date of the adjudication of guilt for subsequent and ordered recommitment for the Escape? The Court holds that the date of commencement of the mandated recommitment is January 12, 1981, being the date of adjudication and subsequent court ordered recommitment.

It is clear from the plain language of the dispositional scheme in 10 *Del.C.* § 937(c), in either its pre-July 1980 form or its present form, that the Legislature intended to require a mandatory minimum commitment for repeat offenders and for other delinquents found guilty of escape pursuant to subpart E of subchapter VI of Chapter 5 of Title II. President Judge Albert J. Stiftel in the recent important decision of *David Ruditys v. State of Delaware*, Del.Super., N–81–01–0255 (5–12–81) in discussing the referenced Mandatory Commitment statute stated:

> In setting this minimum commitment, Section (c) eliminates any discretion the Family Court Judge would have to impose a lesser period of commitment.

It is equally clear that the Legislature intended to statutorily limit the discretion of the Department of Correction in administering the actual treatment of the delinquent by prohibiting the release of the respondent during at least the 6 month period of mandated minimum confinement. In this regard, 10 *Del.C.* § 937(c)(3) reads in pertinent part:

> A child committed to the custody of the Department of Correction pursuant to this subsection shall not be released from institutional confinement or pass, or extended leave or to aftercare during the first 6 months of said confinement; thereafter, a child committed to the Department of Correction pursuant to this subsection shall not be released from institutional confinement on pass, on extended leave or to aftercare, unless the Judge of the Family Court who originally executed the commitment order or a Judge of the Family Court designated by the Chief Judge shall, upon a petition

filed by the Department of Correction (or duly authorized representative), the child, the parent(s) or by the Court's own initiative, with notice to the Attorney General, determine by a preponderance of the evidence presented at a hearing that the child has so progressed in his course of mandated institutional treatment that release would best serve both the welfare of the public and the interest of the child.

Counsel for the respondent argues that the Court should exercise its discretion on a case by case basis and permit credit for time spent in the physical custody of the Department subsequent to a return to the facility even though the respondent is then currently on an indefinite commitment on other unrelated charges. Counsel further argues in substance that during this period, the administration of the Department of Correction administratively restricts passes and leaves and therefore, the spirit of 10 *Del.C.* § 937(c) is met. In due respect to the administration of both the Department and the Bureau, this Court cannot be satisfied with leaving a statutory mandate up to the whim of administrative decisions (intelligent though they may be). Indeed an ad-

ministrative decision not to restrict passes and/or leave during the period of time between return to the institution and trial coupled with a discretionary decision to permit credit for time already served produces a less than full commitment pursuant to 10 *Del.C.* § 937(c). The statute clearly neither contemplates nor permits such a result.

Giving effect to every provision of 10 *Del.C.* § 937(c) the Court is compelled to hold that the date of commencement of the respondent's mandatory commitment is January 13, 1981. To hold otherwise would make an important and integral part of the Mandatory Sentencing scheme inoperative. See generally, 2A Statute and Statutory Construction, D. Dallas Sands §§ 4605 and 4606.

IT IS SO ORDERED.