[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Norman J. Howe Associates/Howe Construction Company, Inc. has appealed the denial of its request for an evidentiary hearing before the hearing referee.
The record reveals the following: On August 24, 1989, the Administrator found that an employer-employee relationship existed between the appellant, Howe Construction Co., Inc. and the employee, Robert Krupinski. Conn. Gen. Stat. 31-241. The appellant appealed the decision to an Appeals Referee on September 12, 1989. Id. An initial hearing before the Referee on January 11, 1990 was rescheduled at the request of the employer. The appellant failed to attend the newly scheduled hearing of June 18, 1990, and the Referee dismissed the appeal for failure to attend the hearing. The Referee denied the appellant's motion to reopen the Referee's dismissal. The appellant appealed this denial to the Board of Review which found good cause for failure to appear at the referees hearing and remanded the matter back to the Referee for consideration and a decision on the merits of whether an employer-employee relationship existed. Board Decision, dated October 12, 1990. The Referee conducted a de novo hearing on November 8, 1940 and affirmed the Administrator's ruling that an employer-employee relationship existed in a decision dated January 7, 1991. Conn. Gen. Stat.31-242. On January 28, 1991 the appellant appealed that decision to the Board of Review and in addition requested that the appellant be given the opportunity to present additional evidence including a new witness. Conn. Gen. Stat. 31-249. On March 14, 1991, the Board affirmed the Referee's decision and denied the appellant's request for an evidentiary hearing, ruling that the appellant failed to show that such a hearing was required by justice. Id. Subsequently, on April 10, 1991, the appellant made a motion to the Board to reopen the case to hear the testimony of three witnesses. Conn. Gen. Stat. 31-249a(b). On May 23, 1991 the Board CT Page 7756 denied this motion. Id. The appellant appealed that decision of the Board to the Superior Court. Conn. Gen. Stat. 31-249b.
The Superior Court in hearing an unemployment compensation appeal does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385,551 A.2d 724 (1988); Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). The court does not retry the facts or hear evidence. United Parcel Service, 209 Conn. at 385. The court is bound by the findings of subordinate fact and the reasonable factual conclusions of the Board. Finkenstein, 192 Conn. at 112-113; Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 4, 434 A.2d 393 (1980); Guevara v. Administrator,172 Conn. 492, 495, 379 A.2d 1101 (1977). The court's role is to determine whether the Board's decision is arbitrary, unreasonable or illegal. Id. The Board's decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings. Finkenstein, 192 Conn. at 113; Robinson, 181 Conn. at 5. The court may not substitute its conclusions for those of the Board. Johnson v. Administrator,3 Conn. App. 264, 267, 487 A.2d 565 (1985); Petela v. Administrator,33 Conn. Sup. 119, 121, 365 A.2d 635 (1974). The court's jurisdiction is particularly limited when, as here, a motion to correct the findings is not filed. Petela, 33 Conn. Sup. at 121. Additionally, it is solely the function of the agency to weigh the evidence and assess the credibility of the witnesses. Conn. Prac. Bk. 519(a).
The issue on appeal is whether the Board of Review's decision to deny the appellant's motion to reopen was unreasonable, arbitrary or illegal. Whether or not the Board reopens a case is a discretionary and not a mandatory decision for the Board. Kronberg v. Administrator,36 Conn. Sup. 210, 211, 416 A.2d 186 (1980). To determine whether the Board's denial was reasonable under the circumstances, it must be analyzed in the context of the applicable statutes, regulations and notices. The statutory language of Conn. Gen. Stat. 31-249a(b) itself reflects the Board's discretion and summarizes its standard: "Any decision of the Board may be reopened . . . on grounds of new evidence or if the ends of justice so require upon good cause shown." The Regulations, Conn. State Agencies, Labor Department 31-237g-50 sets forth more precisely standards for when the Board may reopen a case. It states in pertinent part:
 (a) Each motion to reopen . . . a Board decision . . . shall be filed by means of a typed or legibly printed statement which should: [2] describe all reasons and good cause for such motion and, if new evidence is alleged as such a reason, the following should be further specified; CT Page 7757 (A) the identity and nature of such alleged new evidence; (B) the reason why such alleged new evidence was not presented at the hearing previously scheduled; (C) the reason why such alleged new evidence is material to the case.
Regs., 31-237g-50 (a).
Section 31-237g-50(d) provides further that the Board may deny any motion to reopen based upon allegations of new evidence "if the Board determines that the new evidence is unnecessarily duplicative or the exercise of reasonable diligence by the moving party would have resulted in the presentation of such evidence at the hearing previously scheduled and the moving party does not otherwise show good cause for such party's failure to present such evidence."
The Board denied the motion to reopen for several reasons. The employer never specified the identity and nature of the sought-after testimony, except to the extent of making a conclusory allegation that such testimony would support the company's position. In addition, the employer never adequately articulated why such witnesses were not presented at the previously scheduled hearings, nor why their testimony is material to the case. See Appendix A. The Board determined that no "good cause" existed to excuse the employer for neglecting its responsibility to present or indicate its intention to present its witnesses at these hearings. The appellant had three opportunities to prepare its case for a de novo hearing in front of a Referee. The Board noted that the appellant did not even seek a continuance of these hearings in order to secure the witnesses. Board Dec., 5/23/93, p. 2. As a result, the Referee had no indication that the appellant wished to present such witnesses. It is noted that the employer had already requested the opportunity to present additional evidence through one witness in its appeal to the Board from the Referee's hearing. In the employer's appeal to the Board, the employer indicated its intent to use one witness. Only after the adverse Board decision, the employer for the first time, expressed its desire to use three witnesses. In regard to this request, which was also denied, the employer did not articulate why it failed to present them below, or what the testimony would indicate. It was only in its motion to reopen the Board's decision that the employer made the unsatisfactory excuse that the people lived far away and two were in the process of moving. The employer offered no substantiating facts as to how many and what type of attempts it made to contact these people, or why distance made contact more difficult.
It is the responsibility of each party to present at the Referee's hearing all material witnesses and evidence, and a party who has failed CT Page 7758 to do so without good cause-may be deemed to have assented to the Referee's decision. Regs., Conn. State Agencies, Labor Dept. 31-237g-22. Furthermore, the Appeals Division may refuse to reopen a hearing to provide for additional testimony if it is determined that "through due diligence by the party involved, such testimony, evidence or argument could have been presented at such hearing and there was no good cause for such party's failure to do so." Id.
The Referee informed the employer at the beginning of his hearing that the Referee's hearing was likely to be the only opportunity to present witnesses since the Board's review is generally limited to a review of the record. Regs., Conn. State. Agencies, Labor Dept. 31-237g-30 (d)(8) and 531-237g-47(c). See also Conn. Gen. Stat. 31-249. Moreover, the appellant's duty to bring forth any and all witnesses and evidence is clearly stated in the notice scheduling the Referee's hearing which was sent to both parties. The notice of all the Referees scheduled hearings include the following statement: "IMPORTANT! THIS WILL LIKELY BE THE ONLY HEARING PROVIDED ON THIS MATTER. Although an appeal may be taken from the Referee's decision issued in this case, any further proceedings usually are based upon the record established at this hearing." Additionally, this requirement is clearly stated in An Employer's Guide to the Appeals Process. Board decision, dated May 23, 1991, p. 2. Thus, the appellant should have been adequately informed of its responsibilities. The employer never indicated to the Referee its desire to obtain testimony from witnesses not present at the hearing. Therefore, in exercising its discretion, the Board properly decided that the ends of justice did not require a further hearing.
The record shows that the appellant was represented by Attorney Margaret Anderson-Murphy of the law frim [firm] of Halloran Sage throughout most of the agency process. As early as the appeal from Referee's initial dismissal of the appeal (August 2, 1990), through the Referee's de novo hearing (November 6, 1990), and through the appeal to the Board of Review (January 28, 1991), the appellant has had the benefit and expertise of being represented by counsel. It is only after the Board denied the employer's request to present a witness, that it pursued two pro se attempts to reopen the case. After these attempts failed the appellant returned to representation by counsel. Therefore, assuming arguendo that a pro se representation situation might merit some judicial leniency in particular situations, such a situation is not present in this case because the employer was represented by counsel throughout most of the agency process. Considering the notice provided to the appellant regarding the matters at issue and counsel representation during the numerous opportunities to be heard throughout the administrative history, it was reasonable for the Board to reach the conclusion that the appellant CT Page 7759 "[f]ailed to take advantage of the opportunity to" present additional witnesses. See Kronberg, 36 Conn. Sup. at 211. Consequently, in light of the facts presented to the Board, the Board's rulings were "best calculated to ascertain the substantial rights of the parties and carry out justly the provisions of the [unemployment] chapter." Conn. Gen. Stat.31-244a.
The court finds that the denial to reopen the case was not unreasonable, arbitrary, or illegal and therefore the appeal is dismissed.
PICKETT, J.