[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John W. Cunningham, Jr., appeals pursuant to General Statutes § 31-249b a decision of the Employment Security Board of Review (board) affirming the dismissal by the defendant, Administrator, Unemployment Compensation Act (defendant), of the plaintiff's claim for unemployment compensation. On June 6, 1994, the plaintiff filed a memorandum of law in support of its appeal, and on July 15, 1994, the defendant filed a brief in support of the board's decision. The appeal was heard by this court on September 22, 1994.
On February 9, 1994, the board certified the record of this appeal to the court pursuant to General Statutes § 31-249b. The following facts are set forth in the Examiner's decision, dated August 12, 1993. (Return of Record, [ROR] Item 1.)
The defendant denied the plaintiff's request for unemployment compensation following his discharge, finding that the plaintiff's actions while employed constituted willful misconduct and were detrimental to the employer's efforts to sell the business. Copies of the examiner's decision were sent to the plaintiff and employer. On August 19, 1993, the plaintiff filed a timely appeal from that decision to the board for a hearing before an appeals referee. (ROR, Item 2.) A hearing was scheduled for September 2, 1993, and notice of the time and place thereof was duly mailed to all parties of record (ROR, Item 4.) The plaintiff failed to appear at theSeptember 2, 1993 hearing. (emphasis added)
In a decision dated September 2, 1993, the referee affirmed the decision of the defendant and dismissed the appeal for lack of prosecution.
On September 20, 1993, the plaintiff filed a motion to reopen the case. The plaintiff stated that the reason he missed the CT Page 11356 September 2, 1993 hearing date was that he incorrectly recorded the date for the hearing on his calendar as September 9, 1993. (ROR, Item 5.) On September 28, 1993, the referee withdrew his decision and reopened the case, contingent upon the plaintiff's showing good cause for failing to appear at the referee's hearing on September 2, 1993. (ROR, Item 6.)
After the rescheduled hearing, in a decision dated October 15, 1993, the referee reinstated his earlier decision of September 2, 1993, dismissing the plaintiff's appeal for lack of prosecution. Relying on the case of Rosa v. Treehouse Comedy Club, Board Case No. 143-BR-90 (3/1/90), the referee stated the plaintiff's "noting the wrong date on his calendar together with his lack of due diligence in filing his Motion to Reopen for approximately two weeks after he learned of his negligence constitutes a lack of good cause." (ROR, Item 8.) The referee found that the plaintiff had not demonstrated good cause for his failure to appear at the referee's earlier hearing.
The plaintiff appealed the referee's decision to the board on October 29, 1993, and requested a further evidentiary hearing. (ROR, Item 9.) On December 23, 1993, the board denied the plaintiff's request for a hearing, affirmed the decision of the referee and dismissed the plaintiff's appeal. After reviewing the record, the board agreed with the referee's determination that the claimant failed to act with due diligence by waiting until September 20, 1993 to file a motion to reopen. The board relied onBowers v. Robert E. Parsons Inc., Board Case No. 442-BR-89 (6/22/89) and Klutchko v. Boyer Agency, Board Case No. 835-BR-86 (9/2/86) in support of its decision. (ROR, Item 12.) The plaintiff filed a timely appeal of the board's decision to the Superior Court, which was received by the board on January 19, 1994. (ROR, Item. 13.)
Connecticut courts have repeatedly held that the Superior Court in hearing an unemployment compensation appeal does not hear the case de novo. Johnson v. Administrator, UnemploymentCompensation Act, 3 Conn. App. 264, 267, 487 A.2d 56 5 (1985). "The Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the Board of Review." United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 1196
(1988); Finkenstein v. Administrator, 192 Conn. 104, 112,470 A.2d 1196 (1984). The court "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals CT Page 11357 referee where . . . the board of review adopted the findings and affirmed the decision of the referee." Finkenstein v.Administrator, supra, 192 Conn. 112-13.
The issue on appeal is whether the board's decision to affirm the referee's denial of the appellant's motion to reopen and to dismiss the action was unreasonable, arbitrary, or illegal, for the board's decision whether to reopen a case is discretionary. SeeKronberg v. Administrator, 36 Conn. Sup. 210, 211, 416 A.2d 186
(Super.Ct. 1980).
General Statutes § 31-248(b) provides in pertinent part that: "Any decision of a referee may be reopened, set aside, vacated or modified . . . on the grounds of new evidence or if the ends of justice so require upon good cause shown." Similarly, Section 31-237g-35(a) of the Regulations of Connecticut State Agencies provides that "The Referee may, within the time limits set forth in Section31-237g-34 . . . reopen, vacate, set aside or modify a decision on an appeal if the Referee determines, for good cause shown, that new evidence or the ends of justice so require."
The referee in the present case specified that his reopening of the plaintiff's case was contingent upon the plaintiff's showing good cause for failing to appear at the referee's hearing on September 2, 1993. (ROR, Item 6.) The referee, and subsequently the board, found that the plaintiff's failure to record the correct date for the first scheduled hearing, combined with his failure to remedy his mistake with due diligence, constituted a lack of good cause. Consequently, the referee's finding that the plaintiff failed to prosecute the matter was reinstated.
The facts found in the record show that the plaintiff failed to attend the hearing scheduled on September 2, 1993 due to his failure to record correctly the date and that he waited until September 20, 1993 to file a motion to reopen, the Board's action in affirming the referee's decision was not unreasonable, arbitrary or illegal. The plaintiff's appeal is dismissed.
THE COURT,
Philip E. Mancini, Jr. State Trial Referee CT Page 11358