[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, George T. Aitchison has filed a statutory appeal concerning unemployment compensation. On January 10, 1995 the Board of Review certified the record of this appeal to the court. Conn. Gen. Stat. § 31-249b.
The record reveals the following: On August 15, 1994, the Administrator denied the claimant benefits because he voluntarily left his job for personal reasons. Conn. Gen. Stat. § 31-241. The claimant-appellant appealed the decision to an Appeals Referee on August 16, 1994. On September 14, 1994, the Referee upheld the Administrator's decision. Conn. Gen. Stat. § 31-242. On September 26, 1994, the claimant appealed the Referee's decision. Conn. Gen. Stat. § 31-248. On October 31, 1994, the Board affirmed the Referee's decision and denied the. claimant's request to subpoena additional evidence. Conn. Gen. Stat. § 31-249. On November 21, 1994, the claimant filed a motion to open the Board decision. Conn. Gen. Stat. § 31-249a. On December 22, 1994, the Board denied the motion to open and certified the record of this case as an appeal. Conn. Gen. Stat. § 31-249b.
The superior court in hearing an unemployment compensation appeal does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385, 551 A.2d 724 (1988); Finkenstein v.Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). The court does not retry the facts or hear evidence.United Parcel Service, 209 Conn. at 385. The court is bound by the findings of subordinate fact and the reasonable factual conclusions of the Board.Finkenstein, 192 Conn. at 112-113; Robinson v.Unemployment Security Board of Review, 181 Conn. 1, 4,434 A.2d 393 (1980); Guevara v. Administrator, 172 Conn. 492,495, 379 A.2d 1101 (1977). The court's role is to determine whether the Board's decision is arbitrary, unreasonable or illegal. Id. The Board's decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings. Finkenstein, 192 Conn. at 113; Robinson,181 Conn. at 5. The court may not substitute its CT Page 8282 conclusions for those of the Board. Johnson v.Administrator, 3 Conn. App. 119, 121, 365 A.2d 635
(1974). The court's jurisdiction is particularly limited when, as here, a motion to correct the findings is not filed. Petela, 33 Conn. Sup. at 121. Additionally, it is solely the function of the agency to weigh the evidence and assess the credibility of the witnesses. Conn. Prac. Book § 519(a).
There are two issues on appeal: (1) is the Board of Review's decision finding that the claimant had voluntarily quit suitable work without sufficient job-connected cause unreasonable, arbitrary or illegal? (2) Is the Board of Review's decision denying the claimant's motion to open unreasonable, arbitrary or illegal?
With regard to the Board's underlying decision that the claimant had voluntarily left suitable work without sufficient job-connected cause, the Board applied Conn. Gen. Stat. § 31-236 (a)(2)(A).
Conn. Gen. Stat. § 31-236 (a)(2)(A) provides in relevant part:
 An individual shall be ineligible for benefits. . . (a)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, until such individual has earned at least ten times his benefit rate. . . and provided further, no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer. . . .
The statute is clear on its face that in order for a claimant to be compensated for a voluntary quit, he must have left suitable work for a reason connected with his work.[1] The claimant's reason for leaving does not relate to wages, hours or working conditions as required by Regs., Conn. State Agencies, Labor Dept., § 31-236-19. The regulations go on and provide a further breakdown of these three areas and list the only circumstances under CT Page 8283 which sufficient cause connected to one's work will be established. See Regs., Conn. State Agencies, § 31-236-20, § 31-236-21, § 31-236-22. None of these instances has occurred here. As a result, the claimant cannot establish that he left work with sufficient cause connected with his work.
The Board affirmed the Referee's decision. Board Decision, dated October 31, 1994, p. 2. The Referee's findings of fact indicate the following.
On July 27, 1994, the claimant requested that he be allowed to leave work the following day, July 28, one half hour early. Referee's Findings of Fact (hereinafter "F/F"), dated September 14, 1994, #3. The employer denied the claimant's request. F/F #3. The claimant quit his job on July 28, 1994 because the employer refused to let him leave work a half hour early that day. F/F #2. Soon after the claimant indicated that he was quitting, the plant manager asked the claimant if he was willing to reconsider and the claimant refused to reconsider his decision to quit. F/F #4. An employer has no obligation to grant an employee's request for a leave of absence. Referee' Decision dated September 14, 1994, p. 2, citingCivelli v. George H. Christian Co., Board Case No. 613-BR-91, dated June 14, 1991. As a result, the claimant left suitable work for purely personal reasons. This court upholds the Board's decision that the claimant left suitable employment without sufficient job-connected cause because it was not unreasonable, arbitrary or illegal.
The claimant in his appeal to the Board also sought to subpoena people and documents. The Board denied this request because he had not indicated such a desire before the Referee, and because he was afforded a full and fair opportunity to present his case before the Referee. Board Decision dated October 31, 1994, p. 2. The notice of the Referee's hearing informs the claimant that the Referee's hearing "will likely be the only hearing held regarding the matter. You will not be allowed another hearing to present evidence or witnesses which you fail to offer at this hearing unless you have good cause for your failure." Record Item 5, Notice Before A Referee, dated August 23, 1994, p. 3. The Board found that the claimant CT Page 8284 offered no reason which would constitute good cause for his failure to seek the production of the document during the Referee's hearing. Id. Accordingly, the Board's decision denying his request to enter further evidence into the Board record for its consideration was not unreasonable, arbitrary or illegal.
The claimant filed a document, dated November 7, 1994 which the Board considered as a motion to open. In it the claimant specified that he wanted to subpoena a document of the employers that he supposedly signed giving up rights to unemployment compensation benefits. Then, in response to the notice of the filing of the motion to open, the claimant filed a letter which claimed that he was treated unfairly and that there were witnesses at work who knew what happened, but were afraid to come forward. In denying the claimant's motion to open, the Board addressed both concerns. First, with regard to the waiver of benefits issue, the Board pointed out that any such waiver is illegal and void under Conn. Gen. Stat. § 31-171 (a). Board Decision, dated December 22, 1994, p. 1. Furthermore, the Referee's decision was based upon testimony and other evidence regarding the events leading up to the separation and, thus, any documents purporting to be a waiver of benefits is irrelevant to the issue before the Referee and Board. Id. Then, the Board notes that the claimant failed to make a timely subpoena request before the Referee, see Regs., Conn. State Agencies, Labor Dept. § 31-237g-21) and offered no reason which would constitute good cause for such failure. Id. The Board generally acts as a review tribunal and does not usually conduct further hearings. Regs., Conn. State Agencies, Labor Dept. § 31-237g-40.Id. at 2. See also Regs., Conn. State Agencies, Labor Dept. § 31-237g-30 (d)(8).
Whether or not the Board reopens a case is a discretionary and not a mandatory decision for the Board.Kronberg v. Administrator, 36 Conn. Sup. 210, 211,416 A.2d 186 (1980). The statutory language of Conn. Gen. Stat. § 31-249a(b) reflects the Board's discretion and summarizes its standard: "Any decision of the Board may
be reopened. . . on grounds of new evidence of if the ends of justice so require upon good cause shown." (Emphasis added). The Regulations, Conn. State Agencies, Labor CT Page 8285 Department § 31-237g-50 sets forth more precisely standards for when the Board may reopen a case. It states in pertinent part:
 (a) Each motion to reopen. . . a Board decision. . . shall be filed by means of a typed or legibly printed statements which should: (2) describe all reasons and good cause for such motion and, if new evidence is alleged as such a reason, the following should be further specified: (A) the identify and nature of such alleged new evidence; (B) the reason why such alleged new evidence was not presented at the hearing previously scheduled; (C) the reason why such alleged new evidence is material to the case.
Regs., § 31-237g-50 (a).
Section 31-237g-50 (d) provides further that the Board may deny any motion to reopen based upon allegations of new evidence "if the Board determines that the new evidence is necessarily duplicative or the exercise of reasonable diligence by the moving party would have resulted in the presentation of such evidence at the hearing previously scheduled and the moving party does not otherwise show good cause for such party's failure to present such evidence."
The Board properly denied the motion to reopen for several reasons. It is the responsibility of each party to present at the Referee's hearing all material witnesses and evidence, and a party who has failed to do so without good cause may be deemed to have assented to the Referee's decision. Regs., Conn. State Agencies, Labor Dept. § 31-237g-22. Furthermore, the Appeals Division may refuse to reopen a hearing to provide for additional testimony if it is determined that "through due diligence by the party involved, such testimony, evidence or argument could have been presented at such hearing and there was no good cause for such party's failure to do so." Id.
The Board's decision denying the motion to open was not unreasonable, arbitrary or illegal' in that the CT Page 8286 plaintiff offered no reason for not offering the document or witnesses before the Referee and because the sought after document has no bearing on the issues before the Board. As a result the Board properly exercised its discretion and denied the plaintiff's motion to open.
The courts have given deference to the decisions of those who are charged with the administration of the unemployment compensation system. Fellin v.Administrator, 196 Conn. 440, 447, 493 A.2d 174 (1985). The Board has rendered a decision in which the law was properly applied to the facts, and the decision reasonably flows therefrom. Therefore, the decision denying benefits and denying the motion to open was not unreasonable, arbitrary, or illegal.
For the reasons stated, the appeal is dismissed.
PICKETT, J.