[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following appeal concerns unemployment compensation. The record reveals the following: On April 22, 1997, the Administrator notified the employee and employer that it approved benefits for the claimant because he was discharged in the absence of willful misconduct or just cause. General Statutes § 31-241. The employer appealed the decision to an Appeals CT Page 2148 Referee on May 2, 1997. Id. On May 29, 1997, the Referee reversed the Administrator's decision, finding that the plaintiff was discharged for willful misconduct. General Statutes § 31-242. On June 9, 1997, the claimant appealed the Referee's decision. General Statutes § 31-248. On July 22, 1997, the Board affirmed the Referee's decision. General Statutes § 31-249. On August 8, 1997, the claimant filed a Motion to Reopen the Board's decision pursuant to General Statutes § 31-249(b). On September 9, 1997, the board denied the claimant's request to reopen. Id. On September 24, 1997, the claimant filed an appeal to the Superior Court pursuant to General Statutes § 31-249b.
There are two issues on appeal: (2) is the Board of Review's decision denying the claimant's Motion to Reopen unreasonable, arbitrary, or illegal; (2) is the Board of Review's decision that the claimant was discharged for willful misconduct unreasonable, arbitrary or illegal? If this court determines that the Board's decision denying the claimant's Motion to Reopen was unreasonable, arbitrary or illegal, then it need not address the second issue.
The Board improperly denied the claimant's motion to open. Whether or not the Board reopens a case is a discretionary and not a mandatory decision for the Board. Kronberg v.Administrator, 36 Conn. Sup. 210, 211, 416 A.2d 186 (1980). The statutory language of General Statutes § 31-249a(b) reflects the Board's discretion and summarizes its standard: "Any decision of the Board may be reopened . . . on grounds of new evidence or if the ends of justice so requires upon good cause shown." (Emphasis added.) See also Regulations of Connecticut State Agencies, Labor, § 31-237g-50.
The claimant wrote to the Employment Security Board of Review on September 20, 1997 in pertinent part as follows: "I want the opportunity to subpoena witnesses, present on the evening in question, who will discredit Ms. Peters' claim of having statements from other witnesses on her behalf, as well as testify to the fact that the bar had not been emptied of all bottles prior to closing.
Finally, one witness has come forward and admitted that Ms. Peters was in fact drinking shots of tequila and was intoxicated early on the evening in question and had stated to my witnesses that she was going to `fire his ass' but not until I had completed my shift. CT Page 2149
Another witness will admit asking me early in the evening `did she fire you yet?' It is my belief that Ms. Peters' witness Brooke Humes was coerced into supporting Ms. Peters' statements and that any other employees present that evening will confirm that Ms. Peters planned to fire me before any `incidents' had occurred.
Regarding the Board's statement that Ms. Peters' anger `serves only to corroborate that she had instructed the claimant not to dismantle the bar and that he had disregarded her instruction': Ms. Peters had given me permission to begin dismantling the bar.
I insist upon the right to call my own witnesses in this case."
The Referee had advised the plaintiff that he would defer a decision on his subpoena request until the hearing. This would permit the Referee to evaluate whether further testimony was relevant and material. The claimant failed to renew his request to the Referee to subpoena witnesses from the restaurant. The administrator claims that the Referee may have
reasonably believed that the claimant was no longer interested in subpoenaing witnesses. There is no finding to support this statement. Upon review of the Referee's decision, the Board determined that the proffered testimony as to the employer's alleged verbal abuse toward employees and the employer's state of mind at the time of the firing were not relevant or material to a discharge issue. Board Decision on Motion to Open dated September 9, 1992, p. 2. It is difficult to understand how this determination could be made without hearing witnesses. The Board concluded that the claimant failed to show that there was a renewed interest at the Referee's hearing in obtaining additional witnesses' testimony on a subject that was relevant or material to his discharge. Likewise, the Board determined that the ends of justice did not require reopening of the Board's decision.
It is the judgment of the court that the request of the claimant to reopen should have been granted. Due process requires that a claimant should have the right to present his case in the most favorable light. The Board denied that right and therefore the appeal is sustained.
The case is remanded with direction to grant the motion to reopen and conduct pretrial proceedings to hear such witnesses as CT Page 2150 are requested by the claimant.
HON. WALTER PICKETT, JR. Judge Trial Referee