Township of Ridley et al., Appellants *v.* Richard S. Belk et al., Appellees.

Argued June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Scott D. Galloway,* with him *Peter J. Rohana, Jr.,* for appellants.

*Robert L. Pinto,* for appellees.

OPINION BY JUDGE CRAIG, August 11, 1983:

The Township of Ridley appeals a mandamus order of Administrative Judge PRESCOTT of the Court of Common Pleas of Delaware County, which directed the township to issue a grading permit to landowner Richard Belk.[1]

The township here asserts that: (1) an action in mandamus was not the appropriate remedy to challenge the township's refusal to issue the permit, and (2) the landowner acquired no vested rights in 1975 when he applied for the permit, so that the township properly could subject his application to ordinance terms subsequently enacted in 1977.

On February 3, 1975, the landowner had filed an application with the township under Township Ordinance No. 1362, seeking a permit to change the grade of his land, which borders a creek, and on April 17, 1975, the township engineer approved the landowner's plan for filling, draining and grading the land. In late 1975, the township commissioners informed the landowner that the township would issue a grading permit after the landowner received permits from the Army Corps of Engineers (corps) and the Navigation Bureau of the Pennsylvania Department of Trans-

---

[1] Other landowners who are appellees in this matter are Ellen Belk, Thomas W. Belk, Jr. and Janice L. M. Belk.

portation (DOT). The landowner obtained permits from the corps, DOT and the Delaware River Basin Commission between June, 1976 and January, 1978, and in December, 1978, delivered these permits to the township manager. The manager refused to issue the township permit, however, applying zoning ordinance requirements newly adopted on January 29, 1977, which provided that alterations to topography adjacent to a floodplain require conditional use approval by the commissioners.[2]

The landowner neither sought conditional use approval nor appealed the manager's refusal to issue the permit. Instead, he brought this mandamus action in common pleas court, seeking an order requiring the township to issue the permit.

Recently, our Supreme Court has reaffirmed that mandamus is an appropriate remedy to obtain or regain a building permit where the proposed development has complied with all requirements in effect at the time of application, and a later prohibitory amendment was not then legally "pending." *Lindy Homes, Inc. v. Sabatini,*     Pa.    , 453 A.2d 972 (1982).

Because we agree that Judge PRESCOTT rightly found and concluded that the later ordinance terms were not "pending" in 1975 when the landowner filed his application, we need only consider whether the landowner had complied with all of the requirements of the then existing ordinance. Here, Ordinance No.

---

2 Section 10.203 of the township's new Ordinance No. 1441, enacted January 29, 1977, provides:

No development or construction within 100 feet from the floodplain and no change to topography of the area within 100 feet from the floodplain whether by removal, addition, or rearrangement of soil or material, shall be commenced unless approval is granted by the township commissioners through a conditional use.

1362, which was in effect in 1975, required only that a grading permit "shall be accompanied by a plan approved by the Township Engineer," and that a permit fee of five dollars accompany the application. That ordinance did not require that the applicant first obtain permits from other sources; those permits, although necessary to complete the project, simply were not prerequisites to receiving a township permit. Thus, mandamus was the proper remedy because the common pleas court found that the landowner had satisfied the requirements of Ordinance No. 1362 as it then stood.[3]

Accordingly, we affirm the sound decision of Judge PRESCOTT.

## ORDER

Now, August 11, 1983, the order of the Court of Common Pleas of Delaware County, No. 80-5919, dated August 5, 1982, is affirmed.

---

[3] Findings of Fact Nos. 4 and 6 of the trial court's opinion.