558 A.2d 181

Karl Smith Development Company, Appellant *v.* Borough of Aspinwall, Robert T. Mulvihill, Chairman of the Planning Commission, and G. James Haberman, President of the Council of said Borough, Appellees.

Argued February 10, 1989, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Eugene A. Lincoln*, for appellant.

*Robert L. Byer*, with him, *Blaine A. Lucas, Eileen R. Sisca, Eckert, Seamans, Cherin* & *Mellott*, for appellees.

Opinion by Senior Judge Narick, May 10, 1989:

Karl Smith Development Company (Appellant) has appealed from an order of the Court of Common Pleas of Allegheny County.

The complicated procedural history giving rise to this appeal is as follows. In July of 1983, Appellant filed an action in mandamus in the court of common pleas. The complaint alleged that the Borough of Aspinwall, Robert T. Mulvihill, the Chairman of the Borough Planning Commission and G. James Haberman, President of the Borough Council (collectively, Appellees) had issued Building Permit No. 1295 to Appellant for the erection of an 84-unit apartment complex in 1977,[1] and that the permit was unlawfully revoked in April of 1978 after construction had begun.[2] It was further alleged in the complaint that the zoning classification of the property has since been changed so as to prohibit the apartment complex use. The relief sought was reinstatement of the building permit, as well as monetary damages.

In their answer and new matter to the complaint, Appellees averred that Building Permit No. 1295 was granted for a 12-unit apartment building.[3] Further, it was averred that the building permit was revoked be-

_____

[1] A copy of Building Permit No. 1295 was attached to the complaint; it did not specify the nature of the work or the number of units authorized. The permit provided: "This Is To Certify That Permission Has Been Granted For Construction of Work Covering Premises 614 Center Ave. Applications, Plans, etc. are on file in the office of the Building Inspector... ." (*See* note 3 below).

[2] A copy of the letter of revocation, dated April 18, 1978, was also attached to the complaint.

[3] Attached to the answer was a copy of Appellant's "Application for Building Permit," which described the nature of the work as a 12-unit apartment building. The "location of proposed work" was indicated as "614 Center Ave." The application was signed by Karl Smith. Permit No. 1295 was noted at the top of the application, which was signed by the Borough's Building Inspector as having been approved on October 17, 1977.

cause of Appellant's refusal to cease excavating upon a dedicated but unopened public street, 7th Street, which was adjacent to Appellant's property. Appellees raised the statute of limitations as a defense. It is not disputed that Appellant did not file any appeal from the revocation.

When the mandamus action was called for trial on September 19, 1985, the trial court judge, Judge MC-GOWAN, entered the following order:

AND NOW, to-wit, this 19th day of September, 1985, it is hereby ordered, adjudged and decreed that the above matter is remanded to the Planning Commission of the [Borough of Aspinwall] and such other necessary municipal agencies for a full hearing of the proposed development of 84-units [with] official transcripts thereof and further the matter shall be transferred to the statutory appeals docket without prejudice to either party. This court shall retain jurisdiction of the matter pending return from the appropriate municipal bodies of the Boro. of Aspinwall and return shall be made within 60 days.

Pursuant to this order, three hearings were held before the Aspinwall Planning Commission. The Commission took testimony from Appellant, various experts and interested citizens during the course of those hearings and, at the conclusion of the third hearing, set forth seventeen specific reasons for denying Appellant's application for an 84-unit apartment complex.[4] From this denial, Appellant filed a statutory appeal in common pleas court, requesting reversal of that decision, or a hearing *de novo*.

---

[4] As the Commission understood the court's order, it was to consider whether Appellant's 84-unit application should be granted. In so doing, it applied the Borough Ordinance in effect prior to the adoption of the new zoning provisions in 1983.

While the appeal was pending, Appellant filed a motion to transfer the case to the general docket. That motion, along with Appellant's request for a *de novo* hearing, was denied. The trial court, per Judge CAPPY, ultimately affirmed the Planning Commission's denial of Appellant's application. This appeal followed.

Initially, we must address Appellees' contention that Appellant has waived its right to contest the revocation by failing to file a timely appeal from the notice of revocation pursuant to Section 1006 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11006. As pertinent here, that section provides:

(1) A landowner who desires to file a zoning application or to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which prohibits or restricts the use or development of land in which he has an interest on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall proceed as follows:

. . . .

(c) To the extent that the [zoning hearing] board has jurisdiction of the same under section 909 [relating to the zoning hearing board's authority to hear appeals where it is alleged that the zoning officer has failed to follow prescribed procedures or the provisions of a valid ordinance] all other appeals shall lie exclusively to the zoning hearing board.

. . . .

(2) Appeals to the zoning hearing board pursuant to subsections (1) (a) and (1) (c) shall be filed within thirty days after notice of the decision is issued … .

As this Court noted in *Bakerstown Liquid Burners, Inc. v. Richland Township*, 67 Pa. Commonwealth Ct. 559, 563, 447 A.2d 1071, 1073 (1982), "[t]hese provisions have been consistently held to invest the zoning hearing board with exclusive initial appellate jurisdiction over claims that a zoning permit has been wrongfully issued, denied or revoked." (Citations omitted.) In *Bakerstown,* we sustained a jurisdictional challenge to the issuance of a writ of mandamus to compel reissuance of building and occupancy permits which had been revoked, holding that the proper avenue of relief was an appeal to the zoning hearing board under Section 1006. In that case, the landowner had originally filed both a "Notice of Zoning Appeal" directly to common pleas court and a complaint in mandamus, which the trial court consolidated for disposition. We determined that a remand to the zoning hearing board was required under the facts therein.

In considering whether an action in mandamus might have been maintained, we are mindful that mandamus " 'is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.' " *Bakerstown,* 67 Pa. Commonwealth Ct. at 564, 447 A.2d at 1073 *citing Valley Forge Racing Association v. State Horse Racing Commission*, 449 Pa. 292, 295, 297 A.2d 823, 824-825 (1972).

It is clear that mandamus will lie under certain circumstances to compel reissuance of permits wrongfully revoked. For example, in *Lindy Homes, Inc. v. Sabatini*, 499 Pa. 478, 453 A.2d 972 (1982), a case upon which Appellant relied in the trial court, our Supreme Court held that mandamus was an appropriate vehicle by which the appellant could seek reinstatement of zoning and building permits. The permits at issue in *Lindy* had been issued on September 27, 1973. They were subsequently

revoked, in January of 1974, because a newly-enacted zoning ordinance, introduced November 1, 1973, had changed the zoning classification of the appellant's property. The Court noted that the permits were not revoked because of any failure on the appellant's part to comply with any ordinances in effect at the time of their issuance. Accordingly, relying on the principle that a zoning ordinance cannot be given retroactive effect in order to revoke permits obtained prior to the pendency of the ordinance, the Court declared that mandamus was a proper remedy in that the appellant's right to the permits was clear.[5]

Several factors distinguish this case from *Lindy*. In *Lindy*, there was no question regarding non-compliance with the ordinance under which the permits were issued. Here, the Borough cited the unauthorized excavation of public land adjoining the construction site as the factor motivating its revocation of Appellant's permit. Similarly, there was no question in *Lindy* regarding the scope of the underlying permits. Here, Appellant claims a clear right to build an 84-unit apartment complex based upon Building Permit No. 1295, whose corresponding application refers to a 12-unit apartment building. Although Appellant strenuously argues that its application was for 84 units, it can point to no written approval of such an application. Appellant's rights under these circumstances are anything but clear.

Accordingly, because Appellant's legal rights and Appellees' corresponding duties are not clear, and because the statutory appeal process, commencing with an appeal to the zoning hearing board, would have provided Appellant with an appropriate and adequate remedy, we

---

[5] On very similar facts, this Court applied the principles enunciated in *Lindy* in *Township of Ridley v. Belk*, 76 Pa. Commonwealth Ct. 315, 463 A.2d 1249 (1983).

conclude that the remedy of mandamus was not available to Appellant.

It was, therefore, appropriate for Judge MCGOWAN to dismiss the mandamus action. However, it was inappropriate for him to have remanded and transferred the case to the statutory appeals docket. Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c), establishes the procedure to be followed in cases where a mandamus action is improperly filed. That section provides:

If a complaint in the nature of ... mandamus, ... or other original process is commenced in any court against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a governmental determination by any of them, where the proper mode of relief is an appeal from the determination of the government unit, *this alone shall not be a ground for dismissal, but the papers* whereon the process against the government unit or any of such persons was commenced *shall be regarded and acted on* as an appeal from such determination of the government unit and *as if filed at the time such process was commenced*. (Emphasis added.)

As the emphasized portion of Section 708(c) directs, a court treating an improperly filed mandamus action as an appeal from the appropriate government unit must ascertain that the action so treated was timely filed. *See, e.g., Erie County League of Women Voters v. Department of Environmental Resources,* 106 Pa. Commonwealth Ct. 369, 525 A.2d 1290 (1987); *Atlantic Richfield Company v. City of Bethlehem,* 69 Pa. Commonwealth Ct. 6, 450 A.2d 248 (1982). As determined above, Section 1006 of the MPC governs the time for taking an appeal here: Appellant had thirty days from the date (April 18,

1978) of the letter revoking its permit within which to appeal to the zoning hearing board. Appellant's original mandamus action was filed July 7, 1983, well over five years after the expiration of the appeal period. The effect of the trial court's order remanding and transferring the matter to the statutory appeals docket was to extend that expired appeal period, contrary to the mandate of Section 708(c).

Following the remand, Judge CAPPY, hearing Appellant's statutory appeal, affirmed the Planning Commission's decision, in effect dismissing the appeal. Because the dismissal of the appeal was proper for the reasons enunciated above, we shall affirm Judge CAPPY'S order, albeit for different reasons.[6]

### ORDER

AND NOW, this 10th day of May, 1989, the order of the Court of Common Pleas of Allegheny County dated February 17, 1988, dismissing the statutory appeal of Karl Smith Development Company, is hereby affirmed.

---

[6] We may affirm on other grounds where grounds for affirmance exist. *See, e.g., Concord Township Appeal,* 439 Pa. 466, 469, 268 A.2d 765, 766 (1970).