**J.B. STEVEN, INC., a Pennsylvania Corporation, Appellant,**

v.

**ZONING HEARING BOARD OF HEMPFIELD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued March 17, 1995.

Decided April 27, 1995.

Victor R. Delle Donne, for appellant.

Thomas J. Godlewski, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

J.B. Steven, Inc., (JBS), a corporation engaged in the outdoor advertising business, appeals from an order of the Court of Common Pleas of Westmoreland County, dated July 20, 1994, which dismissed the appeal of JBS and affirmed the Hempfield Township Zoning Hearing Board's (Township) denial of building permits to erect two billboards in a commercial district along Route 30.

JBS initially applied to the Township for building permits on October 2, 1990. On October 8, 1990, the applications were denied by the zoning officer. On November 6, 1990, JBS filed a complaint in mandamus asserting it had a clear legal right to the building permits. The Township filed preliminary objections on the ground that mandamus would not lie because JBS had an adequate remedy at law by way of a statutory appeal, pursuant to the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 11001–A–11006–A. On February 11, 1991, after briefs and arguments, the trial court sustained the Township's preliminary objection on the ground that mandamus was premature, but

stayed the complaint pending an appeal and decision by the Hempfield Township Zoning Hearing Board (ZHB).

On March 5, 1991, JBS filed its statutory appeal in this case with the (ZHB). The ZHB, after hearing, upheld the denial of the billboard permits on the ground the appeal was not timely filed and, in the alternative, that the zoning ordinance classified billboards as a principal, and not as an accessory use, requiring a separate buildable lot not provided by JBS. On appeal, the trial court remanded the case to the ZHB to take additional evidence in regard to prior decisions of the Board in which billboard permits had been granted. On August 27, 1993, the ZHB reaffirmed its denial of the billboard permits.

JBS again appealed to the trial court raising two issues: (1) that its statutory appeal was timely because its complaint in mandamus, which could be treated as a land use appeal was filed within thirty days of the denial of its application by the zoning officer, and (2) on the merits, that a billboard is a sign which is defined as an accessory use by the zoning ordinance, not requiring a separate lot or subdivision approval. The trial court held that the action in mandamus could not be substituted as a statutory appeal to the ZHB, and that the appeal to the ZHB was untimely filed. The trial court also found on the merits that the ZHB had committed no error in its interpretation of the zoning ordinance and had not abused its discretion.

 Before reaching the merits, this Court must determine whether the appeal to the ZHB from the decision of the zoning officer was timely filed. Such appeal must be filed within thirty days after entry of the decision. Section 1002–A of the MPC, 53 P.S. § 11002–A. Admittedly, JBS filed its statutory appeal more than thirty days after the decision of the zoning officer was entered. But JBS contends its complaint in mandamus was filed within thirty days of such decision and that the mandamus action may legally be substituted for the land use appeal. JBS relies upon *Karl Smith Development Co. v. Borough of Aspinwall,* 125 Pa.Commonwealth Ct. 687, 558 A.2d 181 (1989) *petition for allowance of appeal de-*

*nied,* 525 Pa. 614, 577 A.2d 545 (1990). In *Aspinwall,* the land developer brought a complaint in mandamus seeking reinstatement of a building permit several years after its revocation. The trial judge transferred the matter to the court's statutory appeals docket and remanded to the Borough Planning Commission. After hearing, the Planning Commission denied the application for a building permit, which was affirmed on appeal by the trial court. This Court held that it was appropriate for the trial court to dismiss the mandamus action since the plaintiff's right was not clear, but it was inappropriate to transfer the matter to the statutory appeals docket and remand because Section 708(c) of the Judicial Code, 42 Pa.C.S. § 708(c), requires that the mandamus action, if used as a substitute for a statutory appeal, be filed within thirty days of the decision by the zoning officer.

Section 708(c) says this:

> If a complaint in the nature of … mandamus … or other original process is commenced in any court against a government unit … objecting to a governmental determination by any of them, where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit … was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced.

In commenting on the *Aspinwall* case, Ryan, Pennsylvania Zoning Law and Practice, Practice and Procedure, § 9.1.11, states:

> The opinion seems to suggest, although it does not hold, that an action in mandamus filed within the period for an appeal to the zoning hearing board may be transferred back to the board, relying on § 708 of the Judicial Code, 42 Pa.C.S. § 708. On the other hand, several decisions have indicated in a different context, that a court with which a zoning appeal is improperly filed lacks power to cure the error by remanding it to the zoning hearing board. See § 9.5.12.

Ryan, § 9.5.12, states:

When a proceeding which should have been filed with the zoning hearing board is erroneously filed with the court in the first instance, the appeal should be quashed. It is inappropriate to transfer the erroneously filed appeal to the zoning hearing board under 42 Pa.C.S. § 5103 or 42 Pa.C.S. § 708.

Section 5103(a) and (d) of the Judicial Code, 42 Pa.C.S. § 5103(a), (d), states:

(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

(d) Definition—As used in this section 'tribunal' means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

In the case of *Dunlap v. Larkin*, 342 Pa.Superior Ct. 594, 493 A.2d 750 (1985), the court held that the trial court had improperly remanded the original injunction action to the county zoning appeal board, erroneously relying on Section 708(b) of the Judicial Code, 42 Pa.C.S. § 708(b), because this section applies to matters which have been improvidently filed with a court and which,

rather than be dismissed, can be regarded and acted upon by that court as if filed in proper form, but that Section 708 of the Judicial Code does not specifically or by implication authorize transfers between courts and local zoning hearing boards. The Superior Court also pointed out that Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, does not authorize a transfer from a court to a zoning hearing board.

We hold that this matter is governed by *Barner v. Board of Supervisors of South Middleton Township*, 113 Pa.Commonwealth Ct. 444, 537 A.2d 922 (1988), which holds that Section 5103(a) and (d) of the Judicial Code, 42 Pa.C.S. § 5103(a) and (d), does not authorize transfer from a court to a zoning hearing board and does not include a zoning hearing board in its definition of a tribunal.

We, therefore, do not reach the merits, but affirm the order of the trial court because this statutory appeal was untimely filed.

### ORDER

NOW, April 27, 1995, the order of the Court of Common Pleas of Westmoreland County, dated July 20, 1994, which dismissed the appeal of J.B. Steven, Inc., is affirmed.