**Michael T. TOBIN, Jr. and Kenneth R. Styer, Appellants,**

v.

**BOARD OF SUPERVISORS OF CENTRE TOWNSHIP and Centre Township–Centerport Borough Joint Planning Commission.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1995.

Decided Jan. 25, 1996.

Stephen P. Ellwood, for Appellant.

Francis M. Mulligan, for Appellees.

Before FRIEDMAN and KELLEY, JJ., and LORD, Senior Judge.

**FRIEDMAN, Judge.**

▮ Michael T. Tobin, Jr. and Kenneth R. Styer (Landowners) appeal from an order of the Court of Common Pleas of Berks County (trial court) sustaining preliminary objections filed by Centre Township (Township) and the Centre Township–Centerport Borough Joint Planning Commission (Commission) to Landowners' amended complaint in the nature of mandamus.

Landowners, who own property in the Township, submitted a proposed subdivision plan for Commission approval without including the required review fees.[1] Instead, with the proposed plan, Landowners presented the Commission with a notice stating that they disputed the amount of the fees and wanted to discuss a reasonable fee pursuant to section 503 of the Municipalities Planning Code (MPC), Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 10503 (emphasis added), which provides:

(1) [A subdivision and land development ordinance may include:] Provisions for the submittal and processing of plats, including the charging of review fees.... Review fees may include reasonable and necessary charges by the municipality's professional consultants or engineer for review and report thereon to the municipality. *Such review fees shall be based upon a schedule established by ordinance or resolution.* Such review fees shall be reasonable and in accordance with the ordinary and customary charges by the municipal engineer or consultant for similar service in the community, but in no event shall the fees exceed the rate or cost charged by the engineer or consultant to the municipalities when fees are not reimbursed *or otherwise imposed on applicants.*

(i) *In the event the applicant disputes the amount of any such review fees, the applicant shall, within ten days of the billing date, notify the municipality that such fees are disputed, in which case the municipality shall not delay or disapprove a subdivision or land development*

---

1. The Township requires land developers to pay fees, as set forth in the Township's fee schedule, into an escrow account when submitting pro- posed plans for approval. The Township then draws from the fund to pay engineer or consult- ing fees which arise during the review process.

*application due to the applicant's request over disputed fees.*

(ii) In the event that the municipality and the applicant cannot agree on the amount of review fees which are reasonable and necessary, then the applicant and the municipality shall follow the procedure for dispute resolution set forth in section 510(g).[2]

The Commission refused to consider the plan or discuss a reasonable fee, claiming that section 503 of the MPC was inapplicable. Landowners then filed an action in mandamus, requesting that the trial court direct the Commission to consider their plan and discuss a reasonable fee pursuant to section 503 of the MPC. The Township and Commission filed preliminary objections and, in response, Landowners filed an amended complaint. The Township and Commission then filed additional preliminary objections, stating, *inter alia,* that Landowners' amended complaint failed to state a cause of action.

2. Section 510(g) of the MPC, 53 P.S. § 10510(g) (emphasis added), provides in pertinent part:

> (2) If, *within 20 days from the date of billing,* the municipality and the applicant cannot agree on the amount of expenses which are reasonable and necessary, then the applicant and municipality shall jointly, by mutual agreement, appoint *another* professional engineer licensed as such in the Commonwealth of Pennsylvania to review the said expenses and make a determination as to the amount thereof which is reasonable and necessary.
> (3) The professional engineer so appointed shall hear such evidence and review such documentation as the professional engineer in his or her sole opinion deems necessary and render a decision *within 50 days of the billing date.* The applicant shall be required to pay the entire amount determined in the decision immediately.
> (4) In the event that the municipality and applicant cannot agree upon the professional engineer to be appointed *within 20 days of the billing date,* then, upon application of either party, the President Judge of the Court of Common Pleas of the judicial district in which the municipality is located ... shall appoint such engineer, who, in that case, shall be neither the municipal engineer nor any professional engineer who has been retained by, or performed services for, the municipality or the applicant within the preceding five years.
> (5) The fee of the appointed professional engineer for determining the reasonable and necessary expenses shall be paid by the applicant if the amount of payment required in the decision is equal to or greater than the original

In sustaining the preliminary objections, the trial court concluded that section 503 of the MPC does not apply here. According to the trial court, section 503 only applies where a municipality seeks the reimbursement of review fees from an applicant *after* an engineer or consultant submits a "billing" to the municipality upon completion of a review. Here, the Township requires an applicant to pay review fees at the time of filing. The trial court, therefore, decided that mandamus does not lie to compel the Township to negotiate a reasonable review fee.[3]

■ On appeal to this court,[4] Landowners argue that section 503 of the MPC is applicable where a municipality collects review fees at the time of filing and, therefore, mandamus lies to compel the Township to discuss a reasonable review fee.[5] We agree.

Section 503(1) of the MPC, 53 P.S. § 10503(1), states that a municipality's subdi-

> bill. If the amount of payment required in the decision is less than the original bill by $1,000 or more, the municipality shall pay the fee of the professional engineer, but otherwise the municipality and the applicant shall each pay one-half of the fee of the appointed professional engineer.

3. The trial court also stated in dicta that the MPC does not authorize a municipality to collect review fees up front. The trial court granted Landowners leave to amend their complaint to properly challenge the Township's ability to do so. Instead, Landowners appealed the trial court decision to this court.

4. Where the trial court sustains preliminary objections in the nature of a demurrer, our scope of review is to determine whether, on the facts alleged, the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). We must accept as true all well-pleaded allegations and material facts averred in the complaint, as well as inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Id.*

5. Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy at law. *Karl Smith Development Co. v. Aspinwall,* 125 Pa.Cmwlth. 687, 558 A.2d 181 (1989), *appeal denied,* 525 Pa. 614, 577 A.2d 545 (1990).

vision and land development ordinance may include provisions for "the submittal and processing of plats, including the charging of review fees." The amount charged "shall be based upon a schedule established by ordinance or resolution." 53 P.S. § 10503(1). Here, pursuant to its own subdivision and land development ordinance, the Township has established a review fee schedule by resolution and posted it in the office of the Township Secretary.[6] (See R.R. at 36A, 42A, 82A.)

> Such review fees shall be reasonable and in accordance with the ordinary and customary charges by the municipal engineer or consultant for similar service in the community, but in no event shall the fees exceed the rate or cost charged by the engineer or consultant to the municipalities *when fees are not reimbursed or otherwise imposed on applicants.*

53 P.S. § 10503(1). In other words, review fees charged to applicants by municipalities under local subdivision and land development ordinances must be consistent with the charges of engineers or consultants for similar service in the community. Moreover, the review fees may not be more than the amount that engineers or consultants charge to municipalities which choose *not* to seek reimbursement from applicants or to *otherwise impose* the review fees on applicants.

Quite clearly, the MPC does not require municipalities to charge applicants for the cost of reviewing subdivision plans. It is also apparent that municipalities which do decide to charge applicants for the cost of the review process have some flexibility in the method of collecting review fees from applicants. Municipalities may seek reimbursement of review fees from applicants after an engineer or consultant has completed review of a subdivision plan and submitted a bill, *or* municipalities may *otherwise impose* the review fees on applicants. Thus, the MPC does not prohibit municipalities, like the Township here, from *otherwise imposing* review fees on applicants by collecting them at the time of filing. In either case, the fees must be reasonable and in accordance with fees charged for similar service in the community.

Here, the Township decided to bill applicants for review fees before its engineers or consultants have actually reviewed submitted subdivision or land development plans. Landowners do not dispute the Township's ability to do so; indeed, the MPC gives the Township discretion with respect to the method of collecting review fees. However, the Township cannot thereby avoid the statutory *requirement* that, when a municipality decides to charge applicants for review fees, the fees must be reasonable and in accordance with fees charged for similar service in the community. Likewise, the Township cannot escape Landowners' clear right under section 503 of the MPC to dispute the amount of *any such* review fees. Indeed, the Township cannot have it both ways. Having chosen to bill applicants for review fees at the time of filing, the Township must address Landowners' challenge to the amount of the review fees at the time of filing.[7]

Because the statutory language clearly compels the Township to negotiate reason-

---

6. Although designated a "filing" fee schedule, the Township's fee schedule is clearly for the payment of review fees. Indeed, the fee schedule states: "Monies not used in the reviewing process will be refunded after endorsement of the plan." (R.R. at 36A.)

7. The trial court concluded otherwise based on that portion of section 503(1)(i) of the MPC which gives applicants the right to dispute review fees by notifying the municipality of the dispute within ten days of the "billing" date. (Trial court op. at 6.) However, municipalities obviously "bill" applicants for review fees when they seek payment of those fees. Here, the Township "billed" Landowners for payment of the review fees at the time of filing.

The trial court also reasoned that section 503 of the MPC is not applicable here because of statutory language prohibiting a municipality from delaying or disapproving a subdivision plan after receiving notice of a dispute over a billed fee; here, because Landowners failed to pay the review fees, the Township did not delay or disapprove the application, but refused to even accept it. (Trial court op. at 6.) However, the Township's refusal to process the subdivision plans certainly delays the application and, because the applicants would have to resubmit the plans at a later date with review fees, this refusal has the effect of a disapproval.

able review fees with Landowners upon a challenge to a bill for review fees and because Landowners have no other appropriate and adequate remedy at law,[8] we conclude that recovery under mandamus is possible here. Accordingly, we reverse the decision of the trial court to sustain the preliminary objections in the nature of a demurrer filed by the Township and the Commission.

### ORDER

AND NOW, this 25th day of January, 1996, the order of the Court of Common Pleas of Berks County, dated February 22, 1995, is REVERSED, and this case is remanded for further proceedings.

Jurisdiction relinquished.

8. Although the trial court presented Landowners with an opportunity to amend their complaint to challenge the Township's authority to collect review fees up front, where the statutory language is clear with respect to the ability of Landowners to dispute the review fee schedule, we do not believe that this is an appropriate remedy at law.